STEPHEN C. MURCH *vs.* CHARLES G. CLAPP.

Suffolk.　December 3, 1917. — December 4, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions.　*Notice.　Rules of Court.*

Upon the question whether under St. 1911, c. 212, § 1, and Superior Court Rules 52 and 28, the defendant in an action at law had given notice to the plaintiff of the filing of exceptions, a judge of the Superior Court found that a letter purporting to be a notice was addressed to the plaintiff's attorney at Brockton and not at his address in Boston, that the true address was in Boston, that the plaintiff's attorney had no office in Brockton and that he received no notice. There was evidence warranting this finding. *Held,* that the finding of fact must stand.

CONTRACT, by the assignee of Dora J. Hough, for $480.05 had and received to the use of the plaintiff's assignor and interest thereon.　Writ dated August 23, 1916.

The defendant filed a declaration in set-off.

In the Superior Court the case was tried before *Callahan,* J., and the jury returned a verdict for the plaintiff in the sum of $375. They found for the defendant on his declaration in set-off in the sum of $23.56.

The defendant filed a bill of exceptions, and the plaintiff filed a motion to dismiss the bill of exceptions for failure on the part of the defendant's counsel to give notice of its filing to the plaintiff's counsel.　The evidence at the hearing upon this motion is described in the opinion.

The judge made the following memorandum of his allowance of the motion to dismiss the bill of exceptions:

"The defendant filed a bill of exceptions on July 31, 1917, the time for filing having been duly extended to August 1, 1917.　The defendant filed no substitute bill until August 13, 1917.　On July 31, counsel for the defendant mailed to John D. Mulloney, Esquire, counsel for the plaintiff, a letter, addressing it to 'John D. Mulloney, Esq., Pemberton Building, Brockton, Mass.'　No notice of the filing of the bill of exceptions was given; nor was any notice relating to a bill of exceptions, other than the one referred to, at any time given.

"The true address of the counsel for the plaintiff was Pemberton Building, Boston, Mass., and the plaintiff's counsel had no office in Brockton. The plaintiff's counsel stated that he had never received the notice, and I find that to be a fact.

"However, I rule as matter of law that the notice mailed by the defendant's counsel was insufficient, and that the motion to dismiss should be allowed and the bill is hereby dismissed."

The defendant alleged exceptions to the ruling of the judge allowing the motion and to the order made by him dismissing the bill of exceptions.

*R. T. Anthony,* for the defendant.

*J. P. Barlow,* (*J. D. Mulloney* with him,) for the plaintiff.

BY THE COURT. It is required by St. 1911, c. 212, § 1, and the present Rules 52 and 28 of the Superior Court, that written notice of the filing of exceptions shall be given to the adverse party and "served by delivering the same personally to the adverse party, or his attorney, or depositing it in the post-office directed to him, at his business address, if known, postage prepaid, and an affidavit of the party making the service shall be *prima facie* proof thereof."

The defendant's bill of exceptions was filed on July 31, 1917. His attorney made affidavit to the effect that he mailed a letter directed to the plaintiff's attorney which "had not been returned to his office and that he was reasonably sure the address thereon had been changed from Pemberton Building, Brockton, Mass., to Pemberton Building, Boston, Mass. before the same had been mailed." An affidavit also was filed that no notice of the filing of the exceptions had been received by the plaintiff's attorney. The judge made a finding of fact that the letter purporting to be a notice was addressed to Brockton and not to Boston and that the true address was Boston, and that the plaintiff's attorney had no office in Brockton and that he received no notice. This finding of fact must stand. It is not unsupported by evidence. It may have been inferred rationally that the address on the letter had not been changed from Brockton to Boston. If that were so, no notice had been given as required by the Superior Court rules. The case falls within the principle of *Shawmut Commercial Paper Co.* v. *Brigham,* 209 Mass. 199, and *Chertok* v. *Dix,* 222 Mass. 226.

*Exceptions overruled.*