Hillsborough,
Feb. 7, 1939. } No. 3033.

ELSIE PUTNAM, *Ex'x*

*v.*

EMPLOYERS LIABILITY ASSURANCE CORP. L'T'D.

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*John J. Sheehan* and *William L. Phinney (Mr. Phinney* orally), for the defendant.

ALLEN, C. J. The verdict of $4,500 in the jury trial included no allowance for loss of consortium. The case states that it was for expenses on account of the injuries to the decedent's wife, for his personal injuries, and for his property damage. The point is taken that the jury's allowance for each of these elements cannot now be ascertained. Special verdicts therefor, although sought, were not required. While if directed and returned, they would be conclusive, yet without them, it is not impossible to find what the separate allowances which went to make up the single verdict were. The issue is one to be determined, as civil issues in general are, by the balance of probabilities. In the law proof is thus established.

The insurer's defence of the action against the named insured does not entitle the plaintiff to a right of estoppel against its claim of no coverage for the item of the decedent's consequential loss. This was a matter between the insurer and the named assured, and it does not appear that as between them the insurer's defence imposed its admission of coverage for the item. The plaintiff is not prejudiced in any respect. As to her, it was wholly immaterial that the issue of coverage for the item should be determined before the jury trial. Moreover, there were "excusing circumstances" (*Sauriolle*

v. *O'Gorman*, 86 N. H. 39, 49; *Gibbs* v. *Casualty Co.*, 87 N. H. 19, 21) which relieved the insurer from ascertainment of its liability in advance of the trial. Its defence of the plaintiff's personal action was required, as was also that of her action as executrix in respect to issues other than of consequential loss. Both actions were consolidated in one trial. In *Sauriolle* v. *O'Gorman, supra*, 49, "The insurer had as much duty to defend one action as the other, subject to its exemption from defending the action against Shea if his use proved to be unpermitted." In parallel reasoning, the insurer here had as much duty to defend one issue as another in the action of the executrix, subject to its exemption from coverage for consequential loss, if its claim therefor, which it made known, proved valid.

The defendant, submitting without protest to a trial by the court, has waived any right which it may have had to a jury trial of the issue of the amount of consequential loss. For the part of the jury's verdict which awarded damages for the decedent's bodily injury and property loss, it is clearly liable. Its exception is overruled.

By the policy the limit of $5,000 for "one person receiving bodily injuries" fixed the extreme amount the insurer was required to pay on account of such injuries. It included expenses on account of the injuries, incurred either by the person sustaining them or by some person upon whom the law imposed liability therefor. Bodily injuries are sustained only by the person bodily injured. The bodily injuries of the wife are not also those of the husband. The law holds him responsible for the expense due to them, but neither in fact nor by any fiction of the law has the wrongdoer done physical harm to him. Nor is the policy to be construed to treat the consequential loss to the husband as a distinct bodily injury. To do so would impose a liability upon the insurer which in such a case as this would defeat the stated policy limit for an accident to one person. In *American &c. Insurance Co.* v. *Kopka*, 88 N. H. 182, a father's expenses incurred on account of an injury to his minor son were held "a necessary concomitant of the bodily injuries suffered by the son," and not an independent injury.

The facts bring the case within the application of the settled principle that "if a party is present, and sees another sell and convey property, whether real or personal, to which he may assert a title, without disclosing his title, or objecting to the sale or conveyance, and the sale is made with a full knowledge on his part, he will be estopped by his silence from thereafter setting up his title against the purchaser." *Richardson* v. *Chickering*, 41 N. H. 380, 385.

The full limit of the policy for liability for one person's bodily injuries was paid the plaintiff, as she knew, and it was paid with her consent as executrix. In that capacity she stood by, making no demand for any sharing in the payment. The consent was as real as though she had stated it in words, and it was a disclaimer of any right to share. Her only claim as executrix is the untenable one that her bodily injuries were also vicariously sustained by her husband as a distinct injury to him. The claim does not predicate a mistaken belief in its merit. But if it did, it was not a mutual mistake. The insurer did not share it. Its claim was of no liability on any view of the policy for the consequential loss to the husband. While this claim also was invalid, the executrix could enforce its liability only by taking a position which by her conduct she has abandoned. Her acquiescence in the payment to herself personally of all that was due for her injury discharged the insurer from further liability therefor. The appropriation of the full amount to herself personally was a matter of her own as between her personal and representative capacities. Since no other provision of the policy gives insurance for liability for the consequential loss, the amount awarded by the trial court, excluding allowance for the loss, is all she may recover as executrix.

If the rule of estoppel may not be invoked against a fiduciary for conduct relating to his personal interests which amounts to a violation of his fiduciary obligations, the record here contains no evidence sufficient for the finding of such a violation. The cases in other jurisdictions which hold that one is not estopped as administrator because of an act by him individually, are inapplicable to the case here.

What the defendant's liability would be if there were no estoppel, is not considered.

*Case discharged.*

All concurred.