GEORGE B. WILSON, APPELLEE, V. CAPITAL FIRE INSURANCE COMPANY, APPELLANT.

286 N. W. 331

FILED JUNE 2, 1939. No. 30629.

*Chambers, Holland & Locke,* for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and KROGER, District Judge.

KROGER, District Judge.

This appeal requires the interpretation of the "limits clause" in an automobile liability insurance policy, and the only question for determination is the extent of the insurer's liability under such policy.

One George B. Wilson, hereinafter referred to as plaintiff, was the owner of a Buick automobile, and in March, 1931, obtained from the Capital Fire Insurance Company, of Lincoln, Nebraska, a corporation hereinafter referred to as defendant, an automobile liability policy carrying limits of $5,000 and $10,000 for loss from an accident resulting in bodily injuries to one or more persons.

On October 15, 1933, while this policy was still in full force, plaintiff's automobile was involved in an accident in which Bertha Heineman and Henry Heineman sustained personal injuries and property damage.

Bertha Heineman filed suit against the plaintiff on August 21, 1934, and obtained a judgment in the sum of $5,000, which judgment with costs the defendant in this action paid.

Thereafter and on July 11, 1935, Henry Heineman commenced an action against the plaintiff seeking damages by reason of personal injuries sustained by him, property damage, and loss of the services and companionship of his wife, medical and nursing expenses incurred in treating his wife's injuries, all because of said accident. This action resulted in a judgment in favor of Henry Heineman and against the plaintiff in the sum of $4,000. Special findings were made by the jury, finding that the damage suffered by Henry Heineman on account of personal injuries and loss of time and medical and surgical expenses was $250; that damages to his automobile were $25; and that said Henry Heineman suffered damages on account of loss of services and companionship of his wife and on account of medical and surgical and nurse expenses as the result of his wife's injuries in the sum of $3,725. Defendant herein admits liability of the items for $250 and $25, but denies liability for the item of $3,725, on the ground that

it had already paid the limit provided by the policy for damages resulting from bodily injuries to one person as a result of the accident.

Plaintiff thereupon filed this suit and, a jury being waived, trial was had to the court, the facts being stipulated. The trial court entered judgment for the plaintiff for the full amount of his claim, together with costs and attorneys' fees. From the overruling of a motion for new trial, this appeal is prosecuted.

The applicable provisions of the policy of insurance are as follows:

"The company does hereby agree to insure the assured named in this policy against loss from the liability imposed by law, upon the assured, for damages on account of bodily injuries * * * accidentally suffered or alleged to have been suffered during the period of this policy by any person or persons not employed by the assured as a result of the ownership, maintenance or use of automobile described in copy of application * * * subject to the following conditions and limitations:

"The liability of the company for loss from an accident resulting in bodily injuries to or in the death of one person only is limited to an amount not exceeding Five Thousand and 00/100 Dollars.

"And subject to the same limit for each person, the total liability of the company for loss from any one accident resulting in bodily injuries to or in the death of more than one person is limited to an amount not exceeding Ten Thousand and 00/100 Dollars. Such limits to apply whether this policy is issued in the name of one assured or more."

If we understand the position of the plaintiff correctly, he bases his right to recover upon two grounds: First, that this was an accident in which more than one person was injured, and consequently the $10,000 limitation applied; and, second, that the damages recovered by Henry Heineman for the loss of services and companionship of his wife and on account of medical and surgical and

nurse expenses were consequential damages which plaintiff was entitled to recover, and the $5,000 limitation in the policy means that no more than $5,000 could be demanded by any one claimant.

In this case there were two persons suffering bodily injuries. The jury found that Bertha Heineman suffered damages because of personal injuries in the sum of $5,000, and a second jury found that Henry Heineman suffered bodily injuries as a result of the accident to his damage in the sum of $250. As to these items there is no dispute, and the defendant has paid those amounts or indicated a willingness to pay.

The disputed question in this case is whether the defendant is liable for the item of $3,725 awarded to Henry Heineman for loss of services and companionship of his wife and medical and other expenses incurred in the treatment of her injuries, in view of the limitation of liability contained in the policy.

A large part of plaintiff's brief is devoted to the proposition that consequential damages are recoverable under a policy insuring against liability arising out of the operation of an automobile. With plaintiff's contention that such damages are recoverable, we fully agree. However, the question here is not whether the policy covered consequential damages, but rather whether the damages assessed against him exceeded the limitation contained in his policy.

It is argued on behalf of plaintiff that the policy is ambiguous and uncertain, and that it should be construed against the insurance company, as it had the power to clarify any of its terms at the time the policy was prepared. We have carefully examined the policy in question and fail to find any ambiguity in its provisions. The phrase "and subject to the same limit for each person" clearly refers to the preceding clause of the contract and appears to be as clear and free from ambiguity as can be expressed in the English language. Terms of an insurance policy are not to be distorted from their natural meaning so as to give the appearance of being ambiguous. To do so

would have the effect of creating a new contract between the parties. Giving the limitation clauses in the instant case their natural meaning, it is apparent that the limit of the company's liability for injuries to one person is $5,000, whether such damages are direct or consequential. In this case there would have been no loss of services, companionship or expenses incurred on account of Mrs. Heineman, but for the injuries she sustained in the accident. Clearly the item of $3,725 represents a loss sustained because of injuries to one person, and having already paid the full limit of its liability on account of damages caused by injuries to that person, the defendant was not liable for the item mentioned. The fact that Mr. Heineman was also injured would not increase or diminish the consequential damages caused by the injuries to Mrs. Heineman, and there would be no logical reason for construing the provisions of the policy to mean that, if Mrs. Heineman alone had been injured, the liability of the company would be limited to $5,000, but that, since Mr. Heineman had also been injured, even though his damages were only $250, the liability of the company for Mrs. Heineman's injuries would be increased beyond the $5,000 limitation.

In the case of *Mannheimer Bros. v. Kansas Casualty & Surety Co.*, 149 Minn. 482, 184 N. W. 189, a similar policy was before the court, and it was held that the limitation therein contained was unambiguous and free from doubt and could not be added to without making a new contract for the parties.

In the case of *Rankin v. Travelers Ins. Co.*, 254 App. Div. 687, 3 N. Y. Supp. (2d) 444, the limitation of the policy was $5,000 for all damages arising out of bodily injuries to one person. The husband was the first to bring suit and he recovered $2,500 on account of the loss sustained by him because of the injuries to his wife. Later, suit was brought by the wife, and it was held that, since the insurer had already paid $2,500 to the husband, there remained no further liability to the wife on her judgment beyond the sum of $2,500.

In the case of *Lowery v. Zorn,* 184 La. 1054, 168 So. 297, it was held that, under a policy limiting liability to $5,000 for injuries to one person and to $10,000 for any one accident, the insurer was liable for only $5,000 to a party suffering damages in excess of that amount, notwithstanding the fact that the total damage suffered by both injured parties was less than $10,000. See, also, *Klein v. Employers Liability Assurance Corporation,* 9 Ohio App. 241; *Putnam v. Employers Liability Assurance Corporation,* 4 Atl. (2d) (N. H.) 353.

In allowing a recovery on account of injuries to Mrs. Heineman in excess of $5,000, the trial court was in error, and the judgment of the trial court is reversed and the cause remanded, with instructions to enter judgment in favor of the plaintiff for $275, with interest, plus the costs incurred in the district court for Lancaster county, Nebraska, in the case of Henry Heineman v. George B. Wilson, and all costs incurred in this action up to the time of the filing of defendant's answer, and that all costs incurred thereafter, including the costs of this appeal, be taxed to the plaintiff.

REVERSED.