WILLIAM MALONE, as Trustee of the Co-Insurance Plan of Public Motor Vehicles of the City of Pensacola, Florida, Garnishee, v. MRS. MANUELA COSTA and JOSE COSTA, her husband.

9 So. (2nd) 275 Division B
July 17, 1942

Coe & McLane, for appellant.

Yonge, Beggs & Carter, for appellees.

CHAPMAN, J.:

On September 13, 1940, Mrs. Manuela Costa, while riding as a passenger in a taxicab in the City of Pensacola, Florida, sustained personal injuries caused by the negligent operation of the taxicab. Mrs. Manuela Costa and husband, Jose Costa, brought suit against the taxicab company and the declaration was in two counts. Mrs. Manuela Costa in the first count claimed damages for her personal injuries, while in the second count her husband claimed damages for the loss of consortium, etc. The lower court entered a judgment for Mrs. Manuela Costa in the sum of $500.00 and a judgment for Jose Costa for the loss of consortium, etc., in the sum of $1,000.00.

The City of Pensacola by ordinance required taxicab operators, prior to the granting of a license to transact business in said City, to either procure liability insurance or to subscribe to a plan of insurance created by the terms and provisions of the ordinance whereby funds were paid by taxicab companies to a trustee to be used for the payment of the claims of the Costas and others similarly situated.

Section 2 of Ordinance No. 41 of the City of Pensacola provides that persons operating cabs for hire must file in the office of the Clerk of the City an insurance policy to protect passengers riding for hire. The pertinent provisions of the Ordinance prescribing the conditions of the policy of insurance are viz:

". . . and conditioned to indemnify passengers and the public for damages or injuries to persons or property or for the death of any person or persons resulting from or caused by the carelessness, negligence or default of the owner, or driver, of such motor vehicle, their servants, agents or employees, or resulting from the defective construction or equipment of such vehicles, which said policy of insurance shall be in the following principal sums:

(a) Property damage_____$1,000.00 maximum,

(b) Personal injury, one person in any single accident _____ 1,000.00 maximum,

(c) Personal injury, more than one person in any single accident, subject to the limitation of $1,000.00 for an injury to a single person,_____ 2,000.00 maximum,

and which said policy shall cover each and every motor vehicle operated by said person, firm or corporation, as aforesaid . . ."

Provisions of Section 3-D of Ordinance No. 41 material to a decision of the questions presented are viz:

"That said trust fund shall be used for the payment of claims for personal injury or death or property damage incurred against any subscriber to said co-insurance plan: provided, however that no claim shall be paid out of said fund until after the same has been reduced to judgment in some competent court, or

upon a compromise agreement entered into by the claimant and the attorney for said trustee or trustees, and that no claim shall be paid in excess of the following limits:

(a) Property damage............$1,000.00 maximum,

(b) Personal injury, one person in any single accident ..............................$1,000.00 maximum,

(c) Personal injury, more than one person in any single accident, subject to the limitation of $1,000.00 for an injury to a single person........$2,000.00 maximum,

Provided further that no claim shall be paid which did not arise within the corporate limits of the City of Pensacola, . . ."

The subsequent amendments to Ordinance No. 41 as made by said City do not materially alter or affect the questions presented on this record for adjudication. The trustee offered to pay $1,000.00 out of the co-insurance fund as full settlement of the two judgments. Writs of garnishment were sued out on the aforesaid judgments and served on the trustee, William Malone, and in response thereto the aforesaid trustee filed an answer and tendered the sum of $1,000.00, which said amount was paid into the registry of the court to be applied *pro rata* as full payment of the two judgments in the total sum of $1,500.00.

On a motion of the plaintiffs below to require the trustee-garnishee to amend his answer and for dis-

bursement of the $1,000.00 paid into the registry of the court, the lower court ruled that the $1,000.00 tendered should be credited *pro rata* on the two judgments and declined to enter an order that the $1,000.00 was payment in full of the two judgments totaling $1,500.00. Final judgments were entered and the trustee-garnishee appealed.

Counsel for appellant points out that Jose Costa, the husband of Manuela Costa, was not on September 13, 1940, a passenger in the taxicab when the wife sustained personal injuries and the payment of the $1,000.00 judgment, for the vicarious losses of the husband, is not authorized by the ordinance directing the payment of judgment claims; payment on the part of the trustee by the terms of the ordinance is restricted or limited to one person in any single accident to $1,000.00; personal injuries sustained by more than one person in any single accident is limited to a maximum sum of $2,000.00; that the plaintiffs are limited to a maximum recovery of $1,000.00 for personal injuries to one person sustained in a single accident; that under the opinion and judgment of the lower court the appellant is required to pay the sum of $1,500.00, and for this reason reversible error is apparent on the record.

Counsel for appellees represent that the husband obtained a judgment for $1,000.00 for the loss of consortium of the wife caused by the personal injuries sustained by her, while the wife was granted a judgment for $500.00 for personal injuries; that the injuries to the husband and wife were sustained in a single accident and the total amount thereof was less than $2,000.00 and should be paid under the provisions

of the Ordinance and that the judgments appealed from are free from error.

Counsel for appellant, to sustain their position, cite and rely upon American Fidelity & Cas. Co. v. Mahon, 170 Md. 573, 185 Atl. 330, 105 A.L.R. 1200; Nuzzi v. United States Cas. Co., 121 N.J.L. 249, 1 Atl. (2nd) 891; Putnam v. Employers Liability Assur. Corp., 90 N.H. 74, 4 Atl. (2nd) 353; Lumberman's Mutual Cas. Co. v. Yeroyan, 90 N.H. 145, 5 Atl. (2nd) 726; Lumberman's Mutual Cas. Co. v. McCarthy, 90 N.H. 320, 8 Atl. (2nd) 750; Wilson v. Capital Fire Ins. Co., 136 Neb. 435, 286 N. W. 331; Ravenwood Hospital v. Maryland Casualty Co., 280 Ill. 103, 117 N.E. 845; 7 Couch on Insurance, Sec. 1871, p. 6232. An analysis and study of these authorities disclose that policies of insurance, containing a clause or clauses relating to "bodily injuries," were before the courts and were considered and construed. It will be observed that the words employed by the ordinance *supra* were "personal injuries." It is suggested that the phrases are synonymous. The authorities do not sustain this view.

The term "personal injuries" is broader, more comprehensive and significant than the term "bodily injuries." See Nuzzi v. United States Casualty Co., 121 N.J.L. 249, 1 Atl. (2nd) 890. Personal injuries do not necessarily mean or involve the element of personal contact. Personal injuries may occur to the father by the seduction of his daughter, or to the husband by the alienation of the affections of his wife. The consequential damages sustained by the husband because of the injuries to the wife in the case at bar are personal injuries. The law holds the husband liable for the expenses incidental and necessary to

obtain a recovery by the wife due to the injuries sustained. Likewise the husband by law is entitled to the aid, comfort, companionship, affection and society of his wife. These elements substantially are the basis of the husband's judgment involved in this record. Consortium is not so much a property right but a right recognized by the law growing out of the marriage relation. See Riddle v. MacFadden, 201 N.Y. 215, 94 N.E. 644. The marriage status existing between the parties gave the husband the right of action in the case at bar. The total amount of the two judgments is less than $2,000.00, the maximum amount provided for by the ordinance where more than one person sustained personal injuries in a single accident.

We fail to find error in the record.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.