NEW AMSTERDAM CASUALTY COMPANY, a corporation, v. C. E. HART.

16 So. (2nd) 118

December 21, 1943

June Term, 1943

Division B

*Shackleford, Farrior & Shannon* and *Warwick & Mooney,* for appellant.

*Metcalf & Finch,* for appellee.

SEBRING, J.:

Alice L. Hart, a married woman, received bodily injuries as the result of the negligent operation of an automobile owned by Pearl R. Held. Suit was instituted by Mrs. Hart and her husband, C. E. Hart, against the owner of the car to recover damages for injuries sustained. In the suit Mrs. Hart claimed damages for personal injuries, mental pain and suffering, and permanent physical impairment; her husband claimed damages for expenses incurred in treating his wife, and for loss of her services and consortium. Alice L. Hart recovered a judgment for $8000 for the bodily injuries inflicted. C. E. Hart, her husband, recovered a separate judgment for $2500 for the consequential damages sustained as a result of the injury to his wife. See Hart et vir v. Held, 149 Fla. 33, 5 So. (2nd) 878.

At the time of the accident referred to Pearl R. Held maintained an automobile liability insurance policy on the motor-vehicle in question, issued by New Amsterdam Casualty Company. After the entry of the judgments in the case the insurance company on behalf of Pearl R. Held tendered to the attorneys for Mr. and Mrs. Hart the sum of $5000 and costs, as being the amount of its liability under its contract of insurance with the insured. This sum of money was received by the attorneys for the plaintiffs and accepted in settlement of the $8000 judgment in favor of Alice L. Hart.

After the settlement of Mrs. Hart's judgment, her husband caused an execution to be issued on his own separate judgment and placed it in the hands of the sheriff of Palm Beach County for satisfaction. The sheriff being unable to find property belonging to Pearl R. Held in Palm Beach

County subject to execution returned the writ unsatisfied. C. E. Hart then brought suit against New Amsterdam Casualty Company, Pearl R. Held's insurer, to recover the amount owed by Pearl R. Held upon his judgment. The theory of the declaration is that under its contract of insurance with Pearl R. Held, New Amsterdam Casualty Company bound itself to pay to the insured such sums as she might become obligated to pay out (not to exceed $5,000 in case of one, or $10,000 in case of two or more, persons) by reason of damage sustained by others as a result of the operation of her automobile; that the plaintiff, C. E. Hart, had sustained damage as the result of injury to his wife (by way of loss of her services and obligation to pay her medical expenses) for which he had recovered a judgment against Pearl R. Held; that the aggregate amount of the judgments recovered by him and his wife do not exceed $10,000; that the insurance company has refused to pay the amount of his judgment to Pearl R. Held, as it was obligated to do; that Pearl R. Held is without property, otherwise, to pay off and satisfy the judgment; that the contract of insurance with Pearl R. Held is a contract made for his benefit which he may enforce in his own name directly against the insurance carrier.

By way of defense to the cause of action the insurance company pleaded that under its policy of insurance the limit of its liability for injury resulting from the operation of the automobile was $5000, where only one person received bodily injury; that Hart did not receive bodily injury; that his judgment was for consequential damages only suffered by him as a result of bodily injuries inflicted upon his wife; that the company paid to the attorneys for Mr. and Mrs. Hart the sum of $5000 for and on behalf of Pearl R. Held, which was the limit of its liability under its policy, and that the attorneys had accepted the same in satisfaction of the $8000 judgment recovered by Mrs. Hart; that having discharged their liability to Pearl R. Held in the manner pleaded, further recovery could not be had by Mr. Hart against the company.

Demurrer to the plea was sustained. The insurance company refusing to plead further, final judgment was eventually entered against it. This appeal is from the judgment.

No question is presented on this appeal as to the nature of the protection afforded by the contract. New Amsterdam Casualty Company concedes that under its policy consequential, as well as direct, damages are recoverable, provided all recoveries, whether for direct or consequential damages, do not exceed the limit of the company's liability under the policy. The sole question for determination, therefore, is as to the extent of the company's liability to its insured under the terms of the contract.

The policy in controversy is the type generally known as an automobile public liability and property damage policy. By the "Bodily Injury Liability" feature appearing in the "declarations" attached to the policy and made a part thereof the company limits its liability for payment in case of damage to person, or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile insured to "$5000 each person, $10,000 each accident." Pertinent provisions of the policy are:

1. *Coverage A—Bodily Injury Liability*—To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"2. *Limits of Liability. (Coverage A)* The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of service, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident."

Succinctly stated, the contention of New Amsterdam Casualty Company is that where, as in this case, *bodily injury* has been sustained by only one person caused by accident arising out of the ownership, maintenance, or use of the automobile insured the limit of the company's liability under its policy here in controversy is $5000 for all damages, whether direct or consequential, arising as a result of the *bodily injury;* and this, without regard to whether the damages recoverable are comprehended within one, or several, judgments.

We are of opinion that this contention is correct. Giving the limitation clauses in the policy their natural meaning it is manifestly clear that while damages not to exceed $10,000 may be recoverable where *several* persons receive bodily injury as the result of one accident, the limit of the company's liability for all damages sustained where only one person receives bodily injury—whether the damages are direct or consequential in their nature—is only $5000. The "declarations," which are made a part of the policy, expressly provide that the "limit of liability" for bodily injury shall be $5000 for "each person." In the body of the policy it is clearly stated that "the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury . . . sustained by one person in any one accident. . . ." It is admitted that Mr. Hart did not receive bodily injuries as a result of the accident. His judgment was for consequential damages only. Prior to the suit brought by Hart against the company, the company had paid $5000 to the attorneys for Mr. and Mrs. Hart, on behalf of its insured, Pearl R. Held. This was the full extent of its liability on the contract as to bodily injury and consequential damages arising therefrom, where only one person received "bodily injury" in any one accident. Under the facts shown by the briefs and the record, therefore, the appellee has no right of recovery against the insurance company. See 7 Couch on Insurance Sec. 1871, p. 6232; Appleman on Automobile Liability Insurance, 207, et seq.; Appleman on Insurance Law and Practice,

Vol. 8, p. 295; Perkins, et al. v. Fireman's Fund Indemnity Co., 44 Cal. Ap. 2d 427, 112 p. 2d 670; Yancey v. Utilities Ins. Co., 23 Tenn. Ap. 663, 137 S. W. 2d 318; In re Employers' Liability Assur. Corp. Etc., 180 La. 406, 156 S. 447; Wilson v. Capital Fire Ins. Co., 136 Neb. 435, 286 N.W. 331; Putnam v. Employers Liability Assur. Corp., 90 N.H. 74, 4 A. 2d 353; Lumbermens Mut. Casualty Co. v. Yeroyan, 90 N.H. 145, 5 A. 2d 726; Lacour v. Ferguson (La.) 6 So. 2nd 206; Rankin v. Travelers Ins. Co., 254 App. Div. 687, 3 N.Y.S. 2d 444; Mannheimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 184 N. W. 189; Ravenswood Hospital v. Maryland Casualty Co., 280 Ill. 103, 117 N.E. 485; Brustein v. New Amsterdam Casualty Co., 255 N. Y. 137, 174 N.E. 304; Pastucha v. Roth, 290 Mich. 1, 287 N.W. 355.

The appellee asserts that this appeal should be decided in his favor on authority of Malone v Costa, et al., 151 Fla. 144, 9 So. (2nd) 275. The cited case has been considered and we find that it does not sustain the appellee's position. In Malone v. Costa, supra, the court had before it for construction the terms of a liability insurance policy required by ordinance of the City of Pensacola, Florida to be maintained by taxi cab companies operating cabs for hire in that municipality. By the terms of the policy the insurance company agreed to indemnify "passengers and the public for damages or injuries to persons or property . . . , resulting from or caused by the carelessness, negligence or default of the owner, or driver, of such motor vehicle . . . in the following principal sums: Property damage . . . $1,000.00 maximum; Personal Injury, one person in any single accident . . . $1,000.00 maximum; Personal Injury, more than one person in any single accident, subject to the limitation of $1,000.00 for any injury to a single person . . . $2,000.00 maximum." Mrs. Costa was injured as a result of the negligent operation of a motor vehicle owned and maintained by one of the taxicab companies. She sued the company and recovered a judgment for $500 for the bodily injuries sustained. In the same suit her husband recovered a judgment for $1,000.00 for his loss of her services and for medical expenses. The court affirmed both judments as against the contention made

by the taxi cab company that as personal injury was sustained in the accident by only one person the limit of its liability was only $1,000. The court pointed out in its opinion that there is a distinction between "bodily injuries" and "personal injuries;" that the terms are not synonymous. As stated in the opinion: "The term 'personal injuries' is broader, more comprehensive and significant than the term 'bodily injuries' . . . Personal Injuries do not necessarily mean or involve the element of personal contact. . . . The consequential damages sustained by the husband because of the injuries to the wife in the case at bar are personal injuries . . . The total amount of the two judgments is less than $2,000, the maximum amount provided for by the ordinance where more than one person sustained personal injuries in a single accident." The Malone case is not controlling here as the contract here under consideration agrees to indemnify for "bodily injuries," not "personal injuries," and the aggregate amount of both judgments recovered exceeds the limit of the company's liability of $5000.

From the conclusion that we have reached it follows that the judgment below must be reversed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.