**WILLIAMS et al. v. STANDARD ACC. INS. CO. OF DETROIT, MICH.**

No. 13298.

United States Court of Appeals
Fifth Circuit.
April 11, 1951.

Calvin E. Hardin, Jr., Baton Rouge, La., Richard Kilbourne, Clinton, La., for appellants.

A. M. Posner, Charles W. Wilson, Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The question presented by this appeal requires determination of the extent of coverage provided by the terms of a public liability policy covering the operation and use of an automobile.

Appellants, who are the widow and two minor daughters of Grenes Cole Williams, sued, the daughters through their mother as natural tutrix, to recover damages of $10,000 resulting from Williams' death which was alleged to have been caused by the negligence of the defendant's insured. The jury returned a verdict in their favor for the amount sued for. The trial Judge, expressly applying the ruling of the Court of Appeals of Louisiana in Gaines v. Standard Accident Insurance Company, La.App., 32 So.2d 633, adjudged the limit of the insurer's liability to be $5,000 and ordered the verdict reduced to that amount. Judgment was entered accordingly. The only question now remaining involves the propriety of this determination.

We find the order and judgment of the trial Court in accord with Louisiana jurisprudence and the provisions of the insurance policy sued upon. The provisions of the policy in question which the appellants contend the Court erroneously applied are set forth in the footnote.[1] The appellants' contention is that the policy provisions, properly construed, provide that under Coverage A, bodily injury liability, the limit of the company's liability to each *person* who sustains *damages* is $5,000. Consequently, since in this case each of the plaintiffs has a right of action for her damages and the death of the husband and father caused damages to three persons, the limit of the company's liability to each is $5,000, but, since the overall liability for all damages sustained by two or more persons in any one accident is $10,000, that is the liability which should be enforced in this case. This position is based upon a submitted construction which results in relating damages "sustained by any one person in any one accident," to the "each person" rather than to the bodily injury so sustained. Thus the question, simply stated, is whether the limit of $5,000 to "each person" means the person bodily injured in "each accident" or each person who thereby suffers damages. It is further contended that even if this position be not sound, the meaning of the language is doubtful and therefore the ambiguity

---

1. Under the heading "Declarations," the following:

| "Coverages | Limits of Liability |
|---|---|
| A. Bodily Injury Liability | $ 5,000.00 each person |
| | $10,000.00 each accident |
| B. Property Damage Liability | $ 5,000.00 each accident." |

Under the heading "Conditions," the following:

"1. Limits of liability—Coverage A. * * * The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident."

should, upon settled principles, be construed against the insurer. Appellants submit that there is no binding ruling of the Louisiana Supreme Court which determines the question, and that we should make an independent determination and enforce the policy language as contended. But it is said that if we do consider Louisiana cases, then the ruling in Gaines v. Standard Accident Insurance Company, supra, relied upon by the trial Court, is not entitled to as much weight as the ruling in Miller v. Commercial Standard Insurance Company, La.App., 13 So.2d 733, rehearing denied, La.App., 14 So.2d 313. Counsel tendered in evidence a copy of the policy in that case to show that it is substantially the same as that here involved. The pertinent policy language in the Gaines case, supra, is identical with the present policy.

Both parties agree that these rulings are contrary to each other, but appellee asserts that the Gaines case is directly in point and is the controlling authority. Our attention is directed to the fact that in the Gaines case, supra, application was made to the Supreme Court of Louisiana for the writ of certiorari, but the application was denied, and the statement by counsel that the denial (apparently not reported), was expressly based upon a finding of no error in the judgment is not challenged.[2] Appellee further responds that even if the matter be determined without regard to the Louisiana decisions, the general law is so settled in its favor as to require our affirmance of the judgment.

There is no ambiguity in the policy language, and we consider the Louisiana decisions. If we must choose between the two, we accept the Gaines case as stating the applicable Louisiana law. It is apparent that the point now involved and involving identical language was there expressly considered and determined both in the trial Court and in the Louisiana Court of Appeals. These rulings establish that the limits as to "each person" relates to a person suffering bodily injury and not to the person or persons who may suffer damages in consequence of such injury. Our opinion is further confirmed by the action of the Supreme Court of Louisiana in denying certiorari. Especially does this evidence "approval" of the ruling of the Gaines case rather than that of the Miller case, since the Miller case was expressly considered in the decision of the Gaines case. We observe also that in the Miller case the question now involved was discussed by the Court only upon motion for rehearing. It would seem therefore that the point was not even presented in the trial Court nor upon appeal prior to the application for a rehearing. All of these considerations seem to establish that the Gaines case correctly declares the Louisiana jurisprudence on this question.[3]

Even if there could remain a possibility that we have improperly evaluated the Louisiana decisions, our independent determination of the proper construction of the policy language reaches the same result. Under the policy language, the limitation of liability for "bodily injury" to "$5,000.00 for each person," when considered in connection with other pertinent provisions of the policy, means that the "each person" refers to the person injured or killed, and not to each person who may be damaged as the result of bodily injury inflicted upon, or death suffered by, one person. In other words, the limitation refers to the person injured or killed, and not to each person who may suffer damages from such injury. This construction of similar insurance contracts has been accepted by the Courts generally. Among these, New Amsterdam Casualty Company v. Hart, 153 Fla. 840, 16 So.2d 118, 150 A.L.R. 1150, is a well considered opinion of the Supreme Court of Florida which cites numerous rulings of other courts,[4] enforcing the same construction.

2. It is admitted by both parties that the notation in the report that certiorari was granted, is incorrect.

3. See also, Lacour v. Ferguson, La.App., 6 So.2d 206, 208, and citations, including

In re Employers' Liability Assurance Corporation, Ltd., 180 La. 406, 156 So. 447.

4. See also, Blashfield's Cyclopedia of Automobile Law and Practice, Section 4102.

The trial Court correctly ordered the recovery against the insurer reduced to the policy limit of $5,000. The judgment is Affirmed.