NAPIER, APPELLEE, *v.* BANKS ET AL., APPELLANTS.

[Cite as Napier v. Banks, 9 Ohio App. 2d 265.]

(No. 379—Decided January 21, 1967.)

*Messrs. Volkema, Redmond & Wolske* and *Messrs. Finneran, Finneran & Finneran,* for appellee.

*Mr. Charles D. Richmond* and *Messrs. Dresbach, Crabbe, Newlon, Bilger, Brown & Jones,* for appellant Nationwide Mutual Insurance Company.

CRAWFORD, J. Plaintiff, appellee herein, William J. Napier, recovered a judgment against the defendant Delores M. Banks for damages resulting from an automobile collision. The judgment was upon five causes of action, for: (1) personal injury to the plaintiff; (2) damages to plaintiff from injury to his wife, Wanda Napier, by way of medical expense, loss of services and consortium; and (3), (4) and (5) medical expense and loss of services of plaintiff's three minor children.

The judgment was paid, except for the sum of $10,000 consequential damages awarded plaintiff under his second cause of action, for expense, loss of services and consortium of his wife.

Wanda Napier, plaintiff's wife, recovered a judgment for her injuries in the sum of $25,000, which was paid.

Plaintiff filed a supplemental petition against the defendant Nationwide Mutual Insurance Co., defendant Banks' insurer, for the $10,000 unpaid portion of his judgment against the insured, defendant Banks. Summary judgment was entered for the plaintiff.

In this appeal on questions of law from that summary judgment, defendant insurer contends that the $25,000 paid by it to Wanda Napier exhausts the limit of its liability for damages resulting from her personal injury. Plaintiff says that the $10,000 represents property damage and is, therefore, payable under the portion of the insurance policy dealing with that subject.

The parties presented to the Court of Common Pleas a

stipulation of fact, and have further stipulated that the same shall constitute a bill of exceptions here.

In the Court of Common Pleas, the defendants moved for a summary judgment. That motion was overruled and summary judgment entered for the plaintiff.

Hence we encounter at the outset a question of procedure. Our search of the record does not reveal a motion by plaintiff for summary judgment upon the supplemental petition. Section 2311.041, Revised Code, provides that such a judgment may be entered upon motion of a party, after notice and hearing, and only when the court, after construing the case most strongly in favor of the party against whom the motion is made, has determined that reasonable minds can come to but one conclusion, and that conclusion is favorable to the movant.

The statute does not empower the court to enter a summary judgment *sua sponte*, nor does it subject a party who moves for summary judgment to the peril of suffering such a judgment to be entered against him without the formality of a motion by the adverse party, notice and hearing, and determination as specified above.

Nevertheless, we shall proceed to examine the merits. The stipulation of fact constituting the bill of exceptions confirms the facts already stated and, in addition, purports to include a true copy of the insurance policy which, it says, has been "filed with the court." We have experienced difficulty in trying to locate this copy. However, the provisions of the policy determinative of the present issues, as set forth in the brief of defendants, have not been challenged, and we therefore accept them as correct. *Dearbaugh* v. *Dearbaugh* (1959), 110 Ohio App. 540.

That portion of defendant Nationwide's brief reads:

"The Policy Declarations in question under Item 5 state '* * * The limit of the Company's liability under each such coverage shall be subject to all the terms of this policy referring thereto' and further states:

| " 'Coverages | Limits of Liability |
|---|---|
| " 'C(1) Property Damage Liability | $10,000 ea. occ. |
| " 'C(2) Bodily Injury Liability | $25,000 ea. per.<br>$50,000 ea. occ.' |

"Under 'Insuring Agreements, 1. Coverages' on page one is stated:

" 'C. PROPERTY DAMAGE & BODILY INJURY - LIABILITY.

" 'To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading, of the described automobile because of:

" '(1) destruction or damage of property including loss of use thereof; (2) bodily injury, sickness, disease or death of any person * * *.'

"Under 'Conditions 5. Limits of Liability' on page 8 appears the following:

" 'Coverage C(2):

" 'The limit of bodily injury liability stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all damages sustained because of the injury to one person in any one occurrence. * * * Such limits of liability for all damages include damages for care and loss of services arising out of bodily injury, sickness or disease, including death at any time resulting therefrom.' "

In our opinion, these provisions are clear and free from ambiguity. The insured is protected against two types of liability: (1) that for destruction or damage and loss of use of property; and (2) that for bodily injury, sickness, disease or death of any person. It is unnecessary to expand the meaning of the second type in order to entitle plaintiff to the kinds of recovery which he seeks in his second cause of action. Had the first type, property damage liability, not been included in the coverage, plaintiff would not for that reason fail in his claim; and any claimant in the position of plaintiff would doubtless be the first so to argue.

The words must be given their common, ordinary and customary meaning. 30 Ohio Jurisprudence 2d 222, Insurance, Section 211; *Bobier* v. *National Casualty Co.* (1944), 143 Ohio St. 215; *Wood* v. *Aetna Life Insurance Co.* (1960), 112 Ohio App. 560. When they are given this meaning, we believe there can be no question that the coverage for property damage and that for personal or bodily injury are completely separate and dis-

tinct. Common understanding and long-established practice confirm this interpretation.

Furthermore, the words used in this particular policy to limit the company's bodily injury liability are clear and unequivocal. The limit applies to *all* damages sustained *because of the injury to one person,* including damages for *care and loss of services arising out of bodily injury, sickness or disease.* This latter phrase is inclusive, not exclusive; it does not alter or render ambiguous the provision for maximum liability. This same view was expressed in *State Farm Mutual Ins. Co.* v. *Hodges,* 221 Ga. 355, 144 S. E. 2d 723. The words "all damages" necessarily include, also, so closely related an item as loss of consortium, even though not specifically mentioned. See *Butler* v. *Manhattan Ry. Co.,* 143 N. Y. 417, 38 N. E. 454.

Plaintiff's reasoning that he has suffered damages to his property rights aside from damages because of his wife's bodily injury is ingenious, but invalid. It has been rejected by a multitude of authorities cited by defendants:

7 American Jurisprudence 2d 537, 538, Automobile Insurance, Section 195; *Jaggers* v. *Merchants Indiana Corp.,* 119 F. Supp. 22; *Brustein* v. *New Amsterdam Casualty Co.* 255 N. Y. 137, 174 N. E. 304; *Gaines* v. *Standard Accident Ins. Co.* (La. App.), 32 So. 2d 633, 640; *Goodier* v. *National Surety Co.,* 125 Misc. 65, 210 N. Y. S. 88; *Holtz* v. *Mutual Service Casualty Co.,* 264 Minn. 121, 117 N. W. 2d 767; *New Amsterdam Casualty Co.* v. *Hart,* 153 Fla. 840, 16 So. 2d 118, 150 A. L. R. 1150; *State Farm Mutual Automobile Ins. Co.* v. *Hodges,* 221 Ga. 355, 144 S. E. 2d 723; *Lumbermens' Mutual Casualty Co.* v. *Yeroyan,* 90 N. H. 145, 5 A. 2d 726; *Wilson* v. *Capital Fire Ins. Co.,* 136 Neb. 435, 286 N. W. 331.

Had the wife recovered judgment for only $15,000, the husband could receive the other $10,000 for which he holds judgment, the total being still within the limits of the company's liability. But that limit having already been reached in the wife's claim, he may not in addition collect his judgment from the insurance company.

The limit provided by the policy is not a limit upon the amount which may be received *by one* person, as plaintiff ar-

gues. It is a limit on the total amount which may be recovered for injury *to one* person. It matters not how many may legally share in the recovery; the total recovered from the company cannot exceed the limits of its liability under its contract for "injury to one person."

"Where a policy of insurance indemnified the assured against loss from liability imposed by law for damages on account of bodily injuries accidentally suffered by any person or persons by means of the maintenance or use of a certain automobile, and the company's liability was limited to five thousand dollars for an accident resulting in such injuries to one person, the word 'such' injuries refers only to bodily injuries, and the indemnity is limited in the case of injuries to one person to five thousand dollars, no matter how many may recover because of such injuries." *Klein* v. *Employers' Liability Assurance Corp.* (1918), 9 Ohio App. 241.

It is our opinion, in considering the motion of defendant insurer for summary judgment, construing the matters before the court most strongly in favor of the plaintiff, that reasonable minds can come to but one conclusion and that conclusion is adverse to the plaintiff's claim.

Judgment will, therefore, be entered for the defendants and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SHERER, P. J., and KERNS, J., concur.