491 So.2d 606 (1986)
Patrick L. McGUIRE, William D. McGuire and Dixie G. McGuire, D/B/a Salt Air Motel, Appellants,
v.
AMERICAN STATES INSURANCE COMPANY, Appellee.
No. BD-211.
District Court of Appeal of Florida, First District.
July 21, 1986.
*607 Howell and Howell, P.A., Jacksonville, for appellants.
Boyd, Jenerette, Staas, Joos, Williams & Felton, P.A., Jacksonville, for appellee.
JOANOS, Judge.
This is an appeal from an order granting summary judgment in favor of American States Insurance Company (American States). We reverse.
As a result of an incident at the Salt Air Motel, Thelma Watkins sued Patricia L. McGuire, William D. McGuire, and Dixie G. McGuire (the McGuires) and American States for malicious prosecution and false imprisonment. American States insured the McGuires, owners and operators of the Salt Air Motel, for all sums payable by the McGuires as damages for "bodily injury."
American States, in its answer, denied there was any contract of insurance between the McGuires and American States which would provide coverage for any matters alleged in the complaint. In entering summary final judgment for American States on the issue of coverage, the trial court recited the following contract provisions relating to bodily injury:

COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE SECTION II
1. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage E bodily injury ...
.....
... `bodily injury' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom, ...
The trial court relied on Malone v. Costa, 151 Fla. 144, 9 So.2d 275 (1942) to determine the McGuires were not covered by the insurance policy in this incident. Malone says "bodily injury" necessarily means or involves the elements of personal contact, as opposed to the broader language used in some insurance contracts and categorized as "personal injury." The trial court found that Watkins had neither alleged, nor had the evidence supported, the requisite bodily injury.
Motions for rehearing were filed by both the McGuires and Watkins, noting, that interrogatories had been filed wherein Watkins stated that she had headaches and muscle spasms for which she had received medical treatment and that reasonable minds could conclude that Watkins sustained a bodily injury. American States filed a response to the motion for rehearing, alleging first, that the interrogatories were not timely filed; and second, even if the trial court were to consider the interrogatories, *608 there was still no allegation of "bodily injury" as defined by the Florida Supreme Court in Malone v. Costa, 151 Fla. 144, 9 So.2d 275 (1942). These motions for rehearing were denied. The McGuires appealed to this court and were dismissed without prejudice to file an appeal after the liability issue was concluded. At trial, the circuit court directed verdict and entered final judgment for the McGuires on Watkins's complaint. This appeal from denial of the motion for rehearing on the coverage issue followed, as the McGuires seek reimbursement from American States for costs they incurred in defense of Watkins's claim.
The McGuires argue that physical manifestations of mental stress meet the "bodily injury" requirement or alternately, that physical contact is unnecessary because the policy defines bodily injury as sickness or disease. American States reiterates the position it argued below, i.e., non-coverage because no personal contact.
Although American States prevailed before the trial court, our examination of the record leads us to the view on this point that the facts of this case do indeed present a genuine issue of material fact. Fla.R. Civ.P. 1.510(c). The record reflects that Watkins suffered mental distress, headaches, and muscle spasms which required treatment and medication, and interfered with her ability to perform her job. Watkins's complaints may be construed as bodily injury involving "sickness and disease" within the meaning of the policy because in this case, unlike Costa, the contract of insurance expressly provides coverage for "bodily injury, sickness or disease sustained by any person which occurs during the policy period." (emphasis supplied). Consequently, summary judgment based on the bodily injury provision should not have been granted.
In addition to the argument made before the trial court, American States asserts on appeal that summary judgment could have been based on the lack of an "occurrence" as defined in the policy. In their reply brief, the McGuires agree there was no "occurrence" as defined within the policy, but contend that American States has relied solely on the lack of a bodily injury and has waived the defense of non-occurrence. We decline to address this issue as it was not raised before the trial judge. See: Mariani v. Schleman, 94 So.2d 829 (Fla. 1957); Sparta State Bank v. Pape, 477 So.2d 3 (Fla. 5th DCA 1985).
Reversed and remanded for proceedings consistent with this opinion.
L. SMITH and WENTWORTH, JJ., concur.