600 So.2d 1265 (1992)
Francis JONES, As Personal Representative for the Estate of Dean Jones, Appellant/Cross-Appellee,
v.
Robert ZAGRODNIK and Home Insurance, Appellees/Cross-Appellants.
No. 91-847.
District Court of Appeal of Florida, Fifth District.
June 19, 1992.
Rehearing Denied July 17, 1992.
C. Clyde Atkins, Jr., Ocala, for appellant/cross-appellee.
Robert G. Clements, Robert B. Miller, and Gregory S. Stark, of Jeffery, Thomas & Marshall, P.A., Maitland, for appellees/cross-appellants.
HARRIS, Judge.
Dean Jones was killed in a collision with a negligent Roger Zagrodnik. With Jones was his fiancee who was two months pregnant. For the purpose of this appeal, there is no question but that Jones was the father. Zagrodnik was insured by Home Insurance under a $100,000 per person/$300,000 per occurrence policy.
Home Insurance, on behalf of Zagrodnik, settled with the injured fiancee for $100,000. It then settled with the parents of Jones and with the father of Jones, as personal representative of Jones' estate, for $100,000. Appropriate releases were given.
Subsequent to the estate's settlement, Jones' fiancee delivered her child. Jones' personal representative then brought this declaratory action against Zagrodnik and Home Insurance to determine the child's rights under the Wrongful Death Act.[1] In particular, the personal representative was seeking the remaining $100,000 under the $300,000 limit for the after-born child. The trial court, finding that the insurance company had paid all that was contemplated by its policy, entered summary judgment in favor of the defendants although holding *1266 that the release, executed by the personal representative, was invalid as to the interests of the fetus. The court reasoned that since the child was born after the release, it could not be bound thereby.
The personal representative appeals the denial of the child's rights to seek the additional $100,000 under the policy; Zagrodnik cross-appeals the holding that the personal representative's release was an invalid release of the fetus' rights under the Wrongful Death Act.
On the cross-appeal, we reverse and hold the release is a valid release of the after-born child's rights. It is necessary that we rule on this issue because while the court's ruling would explain why Home Insurance would have no further responsibility to the personal representative, it does not explain why further action was precluded against Zagrodnik.
We held in Ellis v. Humana of Florida, Inc., 569 So.2d 827 (Fla. 5th DCA 1990), rev. denied, 581 So.2d 163 (Fla. 1991), that an after-born child is a survivor under the wrongful death statute. Such a child is a survivor to the same extent as any child born prior to the death of the parent. The Wrongful Death Act contemplates that only the personal representative can maintain the action and must do so for all survivors of the deceased. § 768.20, Fla. Stat. (1989).
The statute does not, nor shall we, distinguish between existing and after-born survivors. A valid release of the rights of one releases the rights of all. Similarly, the proceeds of the settlement must be held for the benefit of all survivors. The child may therefore have an action against the personal representative for an accounting of her share of the settlement proceeds.
We affirm the trial court on the direct appeal. We agree that the policy limits recovery based on the number of persons injured as a result of the operation of the insured's automobile. See e.g., New Amsterdam Casualty v. Hart, 153 Fla. 840, 16 So.2d 118 (1943). The estate and the survivors suffered loss, not directly from the collision, but from the loss of the deceased who was killed in the accident. All their claims are derivative from the deceased as was the husband's consortium claim in Hart.
Direct appeal  AFFIRMED. Cross-appeal  REVERSED.
GOSHORN, C.J., and COBB, J., concur.
NOTES
[1] There was no claim that this child has any rights other than as a survivor under the Wrongful Death Act. That is, there was no claim that the child (while a fetus) was injured in the accident.