Leslie VANDEWATER, Individually and as Next Friend of Jordan Vandewater, a Minor, Appellant,

v.

AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Appellee.

No. 03–93–00282–CV.

Court of Appeals of Texas, Austin.

Nov. 1, 1995.

Rehearing Overruled Dec. 20, 1995.

J. Robert McKissick, Spagnoletti & Associates, Houston, for appellant.

Michael W. Eady, Brown McCarroll & Oaks Hartline, Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

Leslie Vandewater, individually and as "next friend" of her minor son, Jordan Vandewater, appeals from a summary judgment rendered in a suit for declaratory relief brought by American General Fire and Casualty Company. We originally reversed the trial-court judgment and remanded the cause to that court on the ground that Jordan was not served with citation in the cause, was not himself competent to appear in the cause owing to his minority status, and could not appear *as a defendant* through the device of a "next friend" representative. The supreme court reversed our judgment and remanded the cause to us for a decision on the merits of the appeal. *See Vandewater v. American Gen. Fire and Casualty Co.*, 890 S.W.2d 811 (Tex.App.—Austin 1994), *rev'd per curiam*, 907 S.W.2d 491 (1995). We will affirm the trial-court judgment.

## THE CONTROVERSY

Leslie, Jordan's mother, contracted a virus while employed by Vandewater Construction

Company.[1] Because she was pregnant with Jordan at the time, he contracted the virus and was born mentally retarded as a result. In effect at the time was a "Workers Compensation and Employers Liability Insurance Policy" issued by American General to Vandewater Construction Company. Leslie's claim for bodily injury came within the Workers Compensation part of the policy. Jordan's claim comes within Part Two of the policy, entitled "Employers Liability Insurance." Section "B" of that part declares as follows:

> We will pay all sums you legally must pay for damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
>
> The damages we will pay, where recovery is permitted by law, include damages:
>
> . . . .
>
> 3. for *consequential bodily injury* to a ... child ... *of the injured employee;* provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and
>
> 4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

(emphasis added). The parties stipulated that Leslie contracted the virus in the course and scope of her employment by Vandewater Construction Company and that Jordan was never an employee of that company. It appears undisputed that Jordan's mental retardation is a "consequential bodily injury to a ... child ... of the injured employee." The controversy reduces to the parties' differing views as to the policy limit applicable to the case under the terms of the policy.

The "Information Page" of the policy states as follows in item 3.B.:

> THE LIMITS OF OUR LIABILITY UNDER PART TWO ARE:

> BODILY INJURY BY ACCIDENT $100,000 EACH ACCIDENT
>
> BODILY INJURY BY DISEASE $500,000 POLICY LIMIT
>
> BODILY INJURY BY DISEASE $100,000 EACH EMPLOYEE

Section "G" of Part Two provides as follows:

> Our liability to pay for damages is limited. Our limits of liability are shown in item 3.B. of the Information Page. They apply as explained below.
>
> . . . .
>
> 2. Bodily Injury by Disease. The limit shown for "bodily injury by disease-policy limit" is the most we will pay for any damages covered by this insurance and arising out of bodily injury by disease, *regardless of the number of employees* who sustain bodily injury by disease. The limit shown for "bodily injury by disease-each employee" is the most we will pay for any damages because of bodily injury by disease *to any one employee.*

(Emphasis added).

The trial court determined that the applicable policy limit was the $100,000 limit specified for bodily injury by disease to any one employee. In three points of error, Leslie and Jordan contend the trial court misconstrued the policy.

## DISCUSSION AND HOLDINGS

■ Leslie and Jordan contend the applicable policy limit is $500,000. They reason as follows: (1) the $100,000 limit applies to bodily injury by disease sustained by an "employee" but the $500,000 limit is not similarly restricted to those having an employee status; (2) Jordan was not an employee; therefore (3) the $500,000 limit applies to his case. We reject the reasoning.

■ We hold the policy language is not ambiguous. The prescribed policy limits follow a familiar pattern in specifying one limit per person and another, larger sum as the aggregate limit of the insurer's liability un-

---

1. We invite reference to our original opinion at 890 S.W.2d 811 for a complete description of the procedural history of the litigation.

der the policy for all claims. *See* 8A John A. Appleman and Jean Appleman, *Insurance. Law and Practice* § 4801.25 (1981); 15A George J. Couch, *Couch on Insurance* § 56.22 (2d ed. 1983). We must give effect to all the provisions of the policy and view the policy in its entirety. *See Liberty Mut. Ins. Co. v. American Employers Ins. Co.,* 556 S.W.2d 242, 245 (Tex.1977); *National Sec. Life & Casualty Co. v. Davis,* 152 Tex. 316, 257 S.W.2d 943, 944 (1953). If we accept the reasoning advanced by Leslie and Jordan, the policy is left without an aggregate limit. Leslie and Jordan thus advocate an unreasonable construction of the policy language. Absent policy language susceptible of two reasonable interpretations, the language is not ambiguous and the canon requiring liberal construction in favor of an insured is inapplicable. *Ranger Ins. Co. v. Bowie,* 574 S.W.2d 540, 542 (Tex.1978); *Royal Indem. Co. v. Marshall,* 388 S.W.2d 176, 180 (Tex. 1965).

We hold that Section G.2 of the policy, quoted above, unambiguously places a $100,-000 limit on one employee's claim for bodily injury by disease; and under the express terms of section B.3 this limit applies to a *consequential* bodily injury sustained by an injured employee's child, such as Jordan. *See McGovern v. Williams,* 741 S.W.2d 373 (Tex.1987) (wife's loss of consortium not a bodily injury separate from husband-employee's bodily injuries for purposes of applying insurance-policy limits); *Madisonville Independent School District v. Kyle,* 658 S.W.2d 149, 150 (Tex.1983) (parents' claim for consequential injuries, including loss of companionship and society, resulting from death of child subject to $100,000 per-person limit and not $300,000 aggregate limit specified in Texas Tort Claims Act); Couch, *supra,* § 56.47. Our holding is consistent with decisions in other jurisdictions construing similar policy language. *See Williams v. Standard Accident Ins. Co.,* 188 F.2d 206 (5th Cir.1951); *Wiltshire v. Government of Virgin Islands,* 893 F.2d 629 (V.I.App.1990); *Re Employers' Liab. Assurance Corp.,* 180 La. 406, 156 So. 447 (1934); *State Farm Mut. Auto. Ins. Co. v. Chambers,* 860 S.W.2d 19 (Mo.Ct.App. 1993); *Wilson v. Capital Fire Ins. Co.,* 136 Neb. 435, 286 N.W. 331 (1939); *Hutton v.*

*Martin,* 43 Wash.2d 574, 262 P.2d 202 (1953); *Federal Kemper Ins. Co. v. Karlet,* 189 W.Va. 79, 428 S.E.2d 60 (1993).

For the reasons given, we affirm the trial-court judgment.