17841

Maxwell OXMAN, Roy Markus, Eva Markus, Hy Garfinkel and J. E. Koolkin d/b/a South Carolina Agency, a Partnership, and United Insurance Company or America, Respondents, v. Victor SHERMAN, Appellant.

(122 S. E. (2d) 559)

220

*Messrs. McLain & Sherill* and *Robert P. Wilkins,* of Columbia, *for Appellant,*

*Phillip Wittenberg, Esq.,* of Columbia, *for Respondents,*

*Messrs. McLain & Sherrill* and *Robert P. Wilkins,* of Columbia, *for Appellant,* in Reply.

October 30, 1961.

OXNER, Justice.

This action was brought to enforce by injunction certain covenants by defendant to the effect that after the termination of his employment he would not, within a certain specified territory, engage in a business similar to or competitive with that of his employer, and would not interfere with the contractual relations which plaintiffs had with their employees and policyholders. By demurrer defendant challenged the validity of the covenants. From an order of the Circuit Court overruling the demurrer and sustaining the covenants, defendant has appealed.

On October 2, 1956, a contract was entered into between the individual plaintiffs, who designated themselves "State Manager" within the State of South Carolina for the United Insurance Company of America, and defendant, who is referred to as "Agent", under which defendant was appointed an agent to solicit within the State of South Carolina applications for life, health, accident and hospital insurance written by said Company. He was to receive as his compensation commissions, referred to as "Service Fees", according to a schedule attached to the contract. The "State Manager" was given the right to cancel the contract for certain enumerated causes not material to this controversy. The covenants sought to be enforced in this action are contained in Paragraph 24 of this contract, which reads as follows:

"While the Agent is soliciting applications for policies of insurance issued by the Company under the supervision of the State Manager and for a period of one year thereafter, Agent agrees that he will not directly or indirectly be connected with any other health and accident or life insurance company engaged in similar business to the business conducted by the State Manager in any territory within the State of South Carolina. Agent further agrees that in the event of the termination of his association with the Company and the State Manager that he will not directly or indirectly induce or attempt to induce any Agents, Unit Managers, Collectors or employees of the State Manager to terminate their association with the State Manager of the Company; nor will the Agent induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the Company. It is agreed by and between the State Manager, Company and the Agent that there is no adequate remedy at law in the event the Agent violates any of the aforesaid covenants and, therefore, it is agreed that injunction proceedings may be brought against the Agent in the event of any such violations; and it is further agreed that in the event Agent violates any of the aforesaid covenants contained in this Paragraph his rights to Service Fees on renewal premiums, if any, shall immediately cease and terminate."

It is alleged in the complaint that after entering into the contract, defendant was assigned a territory consisting of Orangeburg and Calhoun Counties; "that soon thereafter he was promoted to unit manager to supervise and train new agents in Orangeburg and contiguous Counties; that on or about the first part of 1958 he was promoted to the position whereby he was the field manager over all of the agents in South Carolina; that in this position he was to train new agents in the field and retrain those older agents who needed help, all of which necessitated his traveling to virtually all of the Counties in the State of South Carolina to assist in the production of business of the agents as aforesaid." It is

further alleged that the foregoing employment gave defendant access to the Company's list of policyholders, claims paid in South Carolina, the names of the Company's agents, and certain confidential trade secrets and methods used by the Company.

It is then alleged that on January 7, 1961, defendant terminated his association with the plaintiffs; that on February 13, 1961 he became a licensed agent for another insurance company issuing insurance policies similar to those offered by plaintiffs; that defendant "has begun to utilize for the benefit of said competitor the special training which he received from Plaintiffs and the special knowledge of Plaintiffs' confidential trade secrets, methods and techniques, lists and other information as aforesaid by soliciting business from a prior policyholder or holders and that he will induce or attempt to induce policyholders to terminate their insurance written by or through Plaintiffs in order to sell the policies of said competitor; and Plaintiffs are further informed and believe that Defendant has and will contact Plaintiffs' agents in order to induce or attempt to induce them to terminate their association with Plaintiffs in order to become associated with said competitor."

Finally, it is alleged that the foregoing acts of defendant constituted a violation of the covenants contained in Paragraph 24 of the contract and that he should be enjoined from further violations.

The action was originally brought by the individuals who designated themselves in the contract as "State Manager". Defendant demurred to the complaint upon the grounds (1) that plaintiffs were not the real parties in interest, (2) that there was a defect of parties plaintiff in that United Insurance Company of America was a necessary party to the action, and (3) that the covenants were void as against public policy. The Court sustained the first and second grounds to the extent that the Insurance Company was a necessary party and gave plaintiffs leave to amend their complaint by

adding the Company as a party plaintiff. The third ground of the demurrer was overruled. Thereafter an amended complaint was served joining the Insurance Company as a party plaintiff. Therefore, the first and second grounds of the demurrer have been eliminated from the case and the only question presented on this appeal is the validity of the covenants.

A restrictive covenant not to compete ancillary to a contract of employment is generally looked upon by the courts with disfavor. It is critically examined and construed strictly against the employer. *Arthur Murray Dance Studios of Cleveland, Inc. v. Witter,* Ohio Com, Pl., 105 N. E. (2d) 685. A distinction is made between such a covenant and one ancillary to a contract of sale or a transfer of property. The former is looked upon with less indulgence. *Delmar Studios of the Carolinas v. Kinsey,* 233 S. C. 313, 104 S. E. (2d) 338; Annotations 41 A. L. R. (2d), beginning on page 30, and 43 A. L. R. (2d), beginning on page 109. However, a covenant by an employee not to compete with his employer after the termination of his employment will ordinarily be upheld if it is necessary for the protection of the legitimate interest of the employer, is reasonably limited in its operation with respect to time and place, is not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood, is reasonable from the standpoint of sound public policy, and is supported by a valuable consideration. *Standard Register Co. v. Kerrigan,* 238 S. C. 54, 119 S. E. (2d) 533, 539. In this case it was stated that the restraint as to territory "in order to be reasonable, must be necessary in its full extent for the protection of some legitimate interest of the employer."

We shall first consider the covenant that while appellant "is soliciting applications for policies of insurance issued by the Company under the supervision of the State Manager and for a period of one year thereafter", he will not be connected in South Carolina with any

other insurance company engaged in .a business similar to that conducted by respondents. This covenant was embodied in a contract appointing appellant an agent to solicit insurance. By the express terms of the contract the covenant extended only to the time when appellant was soliciting applications for insurance and a period of one year thereafter. According to the complaint, he ceased working in this capacity shortly after execution of the contract and was promoted to unit manager supervising and training new agents, and in 1958 to the position of field manager. It thus appears that the one year limitation in the covenant has long since expired. Respondents argue that in his supervisory capacity appellant came in contact with policyholders and that the covenant was just as necessary then as it was when he was soliciting agent. But if respondents needed the protection of such a covenant after appellant was promoted, they should have required him to enter into a new contract continuing it in effect. Moreover, in soliciting applications for insurance, appellant only worked in Orangeburg and Calhoun Counties. Any covenant should have been limited to the area where he worked. Extending it to the entire State rendered it unenforceable. *Delmar Studios of the Carolinas v. Kinsey, supra,* 233 S. C. 313, 104 S. E. (2d) 338.

It is argued by respondents that appellant's present contention that the covenant did not apply to him while working as unit manager and field manager was neither raised by the demurrer nor considered by the Court below. But the demurrer challenged the reasonableness of the covenant and in determining whether it is reasonable in extent, it is necessary to consider whether it applied only when appellant was soliciting applications for insurance.

There remain for consideration the covenants that in the event of the termination of appellant's association with the Company, (1) he will not "directly or indirectly induce or attempt to induce any Agents, Unit Managers, Collectors or employees of the State Manager to terminate their association with the State Manager of the Company", and (2) he

will not "induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the company." Appellant admits the validity of the covenant last mentioned, but challenges the validity of the first upon the grounds that it is unlimited in duration, not necessary for the protection of the legitimate interest of respondents, and is harsh and oppressive.

We construe the first covenant mentioned as restraining appellant from seeking to induce any of respondents' employees to breach their contract of employment and not as preventing him from seeking the services of such employees so long as there is no interference with their contractual relations with respondents. So construed, we think this covenant is reasonable and violates no public policy. It is merely a recognition of the right of respondents to be immune from malicious interference by a third person with any contractual relations they have with their employees. This is a right which exists independently of contract, for it is well settled that it is unlawful for a third person to maliciously cause or induce another to breach his contract. *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162; *Keels v. Fowler*, 207 S. C. 97, 34 S. E. (2d) 482.

Accepting the allegations of the complaint as true and giving them a liberal construction, as must be done in passing on a demurrer, we think the complaint alleges a violation of the two covenants last discussed. Respondents say that under these circumstances the order overruling the demurrer must be sustained. They invoke the general rule that a complaint is not demurrable for failure to state a cause of action if it contains allegations entitling the plaintiff to any form of relief. *Tolbert v. Greenwood Cotton Mill*, 213 S. C. 43, 48 S. E. (2d) 599; *Franks v. Anthony*, 231 S. C. 191, 97 S. E. (2d) 891; *Turbeville v. Gordon*, 233 S. C. 75, 103 S. E. (2d) 521. But in view of the action of the Court below, we think all the questions herein discussed are properly before us. In the order overruling the demurrer, it was held that the complaint stated "facts suffi-

cient to constitute a cause of action in the particulars therein alleged", which we construe as meaning that all the covenants are valid. We have held unenforceable that part restraining appellant within a certain period after the termination of his employment from associating himself with an insurance company in competition with respondents. If the order of the Circuit Court is sustained in its entirety, a serious question might arise as to whether it constitutes an adjudication that the covenant just mentioned is valid. See Annotations 13 A. L. R. 1120, 106 A. L. R. 445. To avoid any such question, we think the rights of the parties with respect to all of the covenants should now be settled.

The order overruling the demurrer is modified in accordance with the views herein expressed, with leave to appellant to answer within twenty days after the filing of the remittitur.

TAYLOR, C. J., and LEGGE, MOSS and LEWIS, JJ., concur.