17949

Maxwell OXMAN, Roy Markus, Eva Markus, Hy. Garfinkel and J. E. Koolkin d/b/a South Carolina Agency and United Insurance Company of America, Respondents, v. Clay L. PROFITT, Appellant.

(126 S. E. (2d) 852)

*Messrs. McLain, Sherill & Morrisette,* and *Robert P. Wilkins,* of Columbia, *for Appellant,*

*Messrs. Levi & Wittenberg,* of Columbia, *for Respondents,*

*Messrs. McLain, Sherill & Morrisette* and *Robert P. Wilkins,* of Columbia, *for Appellant, in Reply,*

August 13, 1962.

TAYLOR, Chief Justice.

This action was brought to enforce by injunction certain covenants contained in an employment contract between plaintiffs, a South Carolina partnership and United Insurance Company of America, and defendant-appellant, a former insurance agent of plaintiffs. By demurrer defendant challenged the validity of the covenants.

A temporary restraining order was issued and after hearing, an injunction *pendente lite* was issued upon filing of a bond by plaintiffs in the sum of $2,500.00. Overruled and denied were the demurrer and motions to make the complaint more definite and certain and to require plaintiffs to separately state an alleged multiplicity of causes of action. Defendant now appeals from this Order.

Defendant entered into a contract of employment with plaintiffs on or about November 17, 1958. It is alleged that prior to entering into this contract, the defendant had previously been an agent of the plaintiffs for approximately one and one-half years, had resigned and later returned to the employment of plaintiffs at the time this contract came into effect.

The covenants, which are the subject matter of this appeal, are contained in Paragraph (24) of the contract which reads in part as follows:

"(24) While the Agent is soliciting applications for policies of insurance issued by the Company under the supervision of the State Manager and for a period of one year thereafter, Agent agrees that he will not directly or indirectly be connected with any other health and accident or life insurance company engaged in similar business to the business conducted by the State Manager in any territory within the State of South Carolina. Agent further agrees that in the event of the termination of his association with the Company and the State Manager that he will not directly or in-

directly induce or attempt to induce any Agents, Unit Managers, Collectors or employees of the State Manager to terminate their association with the State Manager of the Company; nor will the Agent induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the Company. * * *"

It is alleged that defendant terminated his connection with plaintiffs during the spring of 1959 and entered other fields of endeavor. It is further alleged that in February, 1961, the defendant along with one Victor Sherman formed a corporation known as Twentieth Century Associates, Inc., for the purpose of acting as agents in South Carolina to solicit policies of accident and health for Twentieth Century Life Insurance Company. Defendant in addition to being an officer and director of said corporation is alleged to travel throughout South Carolina soliciting and writing accident and health insurance similar to that offered by plaintiffs, and that defendant has induced or attempted to induce policyholders of the plaintiffs to terminate his or her insurance with plaintiffs and in addition has either directly or indirectly induced or attempted to induce plaintiffs employees to breach their contract of employment with plaintiffs. By such actions, plaintiffs contend defendant has violated the terms of the contract and agreement, in particular the covenants contained in Paragraph (24) and by his actions has indicated that in fact he will continue to do so.

Defendant-Appellant contends that the covenants are void on the grounds that they are indefinite as to time and territory and that they are not necessary in their fullest for plaintiffs' protection.

A restrictive covenant not to compete ancillary to a contract of employment is generally looked upon with disfavor and is critically examined and construed against the employer, but the covenant will ordinarily be upheld if it is necessary for protection of the legitimate interest of the employer, is reasonably limited with respect to

time and place, is not unduly harsh and oppressive, is reasonable and supported by valuable consideration. *Oxman v. Sherman,* 239 S. C. 218, 122 S. E. (2d) 559.

In instant case we do not have the general restrictive covenant found ancillary to employment contracts; *i. e.,* not to compete. The covenant here present states that defendant will not "induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the Company." This covenant, therefore, allows competition but attempts to prevent what plaintiffs consider "unfair competition."

Section 37-1202, Code of Laws of South Carolina, 1952, lists unfair methods of competition and unfair acts or practices in the business of insurance. Paragraph (1) (e) states: "making any misrepresentation to any policyholders insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit or surrender his insurance" shall be an unfair method of competition.

Section 37-1204, Code of Laws of South Carolina, 1952, "Unfair method of competition or unfair and deceptive acts or practices prohibited," provides: "No person shall engage in this State in any trade practice which is defined in this chapter as, or determined pursuant to this article to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."

Sound public policy requires enforcement of deliberately made contracts not clearly contravening positive law or rule of public morals, *Rogers v. Atlantic Life Ins. Co.,* 135 S. C. 89, 133 S. E. 215, 45 A. L. R. 1172; *Romanus v. Biggs et al.,* 214 S. C. 145, 51 S. E. (2d) 503; *Ex parte Rosenfeld,* 214 S. C. 39, 51 S. E. (2d) 88; *Ellison v. Independent Life & Accident Ins. Co.,* 216 S. C. 475, 58 S. E. (2d) 890. Here the covenant not to "induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the Company" requires a higher standard of conduct on defendant's part when deal-

ing with plaintiffs' policyholders than the Code requires but said covenant does not deny defendant the right to compete with plaintiffs in the highly competitive insurance field. It was deliberately entered into by those experienced in the business, and we are of opinion that it neither contravenes any rule of law nor public morals.

Defendant also contends error in refusing motion that plaintiffs be required to state separate causes of action in that two covenants are involved. Different causes of action must be stated separately in a complaint so that the defendant may plead to them separately, if necessary or desirable, *Hopkins v. Shuman,* 235 S. C. 191, 110 S. E. (2d) 713; however, where facts alleged show one primary right of plaintiff and one wrong by defendant which involves that right, plaintiff has stated but a single cause of action, *Holcombe v. Garland & Denwiddie, Inc.,* 162 S. C. 379, 160 S. E. 881; *Wright v. Willoughby,* 79 S. C. 438, 60 S. E. 971. Taking the complaint as true only one primary right of plaintiffs has been alleged to have been violated, that is the right of plaintiff to have the terms of the contract complied with, and the wrong complained of is the noncompliance or breach of the contract by defendant.

Defendant also contends that the Circuit Court erred in not granting motion to make complaint more definite and certain. Defendant argues that the complaint should contain the counties in which defendant actually worked while in plaintiffs' service. As seen before, the covenants in question are not dependent upon the restriction of space or territory for their validity. A complaint may lack fullness of detail and yet not be subject to a motion to make more definite and certain. It is not required that the pleader should do more than state the ultimate facts constituting the cause of action and he is not required to plead merely evidentiary matters. The complaint in instant case adequately notified the defendant of the exact nature of the charges and is not misleading or lacking in any vital particulars.

The conclusion of the Circuit Court upon the motion will not be disturbed unless the Court is satisfied that a party has been placed at a real disadvantage, *Miles v. Charleston Light & Water Co.,* 87 S. C. 254, 69 S. E. 292, which does not appear here. Further, an Order denying a motion to require plaintiff to make his complaint more definite and certain is not appealable until final judgment. *Miles v. Charleston Light & Water Co.,* 87 S. C. 254, 69 S. E. 292.

The one year limitation found in the covenant not to compete applies only to that covenant and not the latter two covenants contained in Paragraph 24 as contended. See *Oxman v. Sherman,* 239 S. C. 218, 122 S. E. (2d) 559, where this Court had under consideration the identical contract presented here.

Accepting the allegations of the complaint as true, as must be done for the purpose of demurrer, we think the complaint alleges a violation of the two covenants in question and find no error on the part of the Circuit Court in the issuance of an injunction *pendente lite.*

For the foregoing reasons we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed; and IT IS SO ORDERED.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.