0394

Raymond DICKERSON, Respondent, v. PEOPLE'S LIFE INSURANCE COMPANY OF SOUTH CAROLINA, Appellant.

(326 S. E. (2d) 423)

Court of Appeals

*Clifford F. Gaddy, Jr.,* of *Foster & Mitchell,* Greenville, *for appellant.*

*Steve Wukela, Jr.,* of *Wukela & Moore,* Florence, *for respondent.*

Heard Dec. 18, 1984.

Decided Feb. 12, 1985.

GOOLSBY, Judge:

In this contract action, People's Life Insurance Company of South Carolina (People's Life) appeals from a circuit court order granting the respondent Raymond Dickerson summary judgment. The issue raised by People's Life concerns the validity of a forfeiture clause in a general agent's contract. We reverse and remand.

Dickerson entered into a "General Agent's Contract" with People's Life on August 1, 1979. Under the terms of the contract, the relationship between People's Life and Dickerson was expressly stated to be that of "independent contractor and contractee, and not that of employer and employee." The contract, which authorized Dickerson as a general agent "to solicit applications for insurance and annuities for" People's Life, contained the following paragraphs:

VESTED COMMISSIONS. 5(a).

In the event this contract is terminated by either party for whatever reason after twelve (12) months from its effective date, the General Agent shall continue to receive the commissions payable herein from premiums on policies through the tenth (10th) policy year.

FORFEITURE. 6.

Should the General Agent at any time endeavor to induce ... [the Company's] policyholders to surrender or replace their policies ... then the General Agent shall forfeit any and all commission interest he has acquired under this or any other contract with the Company.

Dickerson cancelled the contract on or about January 20, 1981, and People's Life thereafter refused to pay renewal commisions to Dickerson. He then brought suit for breach of contract alleging damages in the amount of $86,478.59. In its answer, People's Life alleged that it refused to pay renewal commisions to Dickerson because of his repeated efforts to induce policyholders to surrender or replace their policies with those of a competitor in violation of Paragraph 6.

Dickerson later moved for summary judgment. He argued that Paragraph 6 constituted a restrictive covenant in restraint of trade and was invalid.

In an order issued September 3, 1982, the circuit court granted Dickerson's motion as to the issue of liability holding Paragraph 6 void as a matter of law. The circuit court viewed the forfeiture provision as a noncompetition clause.

We feel, however, that the issue in this case is controlled by *Oxman v. Profitt*, 241 S. C. 28, 126 S. E. (2d) 852 (1962). *Profitt* involved an action brought to enforce by injunction certain convenants contained in an employment contract between the plaintiffs and a former insurance agent. The agent challenged the validity of the covenants by demurrer. From an order overruling the demurrer, the agent appealed alleging that the covenants were void because they were indefinite as to time and territory and were not necessary for the plaintiffs' protection.

The contract provision at issue in *Profitt* stated, among other things, that in the event of termination the agent would not "induce or attempt to induce any policyholder of

the Company to terminate his or her insurance with the Company. . . ." *Id.* at 32, 126 S. E. (2d) at 853.

Quoting *Oxman v. Sherman*, 239 S. C. 218, 122 S. E. (2d) 559 (1961), the court in *Profitt* stated that a covenant not to compete is generally looked upon with disfavor but would be upheld it if is necessary for protection of a legitimate interest of the employer, is limited with respect to time and place, is not unduly harsh, and is supported by valuable consideration. The covenant at issue in *Profitt*, however, was not viewed as a covenant not to compete and was upheld. *Viz:*

> In the instant case we do not have the general restrictive covenant found ancillary to employment contracts; *i.e.*, not to compete. The covenant here present states that the defendant will not "induce or attempt to induce any policyholder of the Company to terminate his or her insurance with the Company." This covenant, therefore, allows competition but attempts to prevent what plaintiffs consider "unfair competition." 241 S. C. at 33, 126 S. E. (2d) at 854.

The provision questioned here also permits competition and like the covenant in *Profitt* is valid. We therefore hold Paragraph 6 of the contract is not void as a matter of law. The circuit court order granting Dickerson summary judgment is accordingly,

Reversed and remanded.

GARDNER and CURETON, JJ., concur.