## HART v. RAILROAD COMPANY.

1. Where a person sues to recover damages for an injury negligently inflicted by a railroad train, testimony in his behalf of expenditures incurred by him in trips made to healing springs and wells in aid of recovery from such injury, is competent, the necessity and reasonableness of such expenditures to be passed upon by the jury.

2. An exception alleging error in permitting plaintiff to give his opinion as to the value of his services during the time he was disabled from work, cannot be sustained, where he further stated the facts upon which his opinion was based, and where the opinion expressed did not definitely fix the value of his services in money.

3. In action against a railroad company to recover damages for injuries inflicted by a train of defendant's lessee upon the person and property of plaintiff at a road crossing, the question of recklessness on the part of the trainmen was properly left to the jury, with the instruction that they could give exemplary damages if they found that such recklessness existed.

4. No exception lies for a failure to instruct the jury as to the law of contributory negligence, when the trial judge's attention was not called to this matter.

Before NORTON, J., Edgefield, November, 1889.

This was an action by James R. Hart against The Charlotte, Columbia & Augusta Railroad Company, commenced January 8, 1889, to recover damages sustained in his person and property on July 2, 1888. The judge charged the jury as follows:

*Gentlemen of the Jury:* This is an action brought by James R. Hart against the Charlotte, Columbia & Augusta Railroad. The plaintiff alleges that the defendant owns a railroad which it built and has leased to the Richmond & Danville Railroad Company; that in operating the railroad the latter company killed the horse, broke the buggy, and wounded the person of plaintiff, the whole damaging him $5,000; and that the negligence of the defendant in constructing its road, and the crossing of the public highway at the place where the injuries occurred, and the negligence of the Richmond & Danville Railroad Company in operating the road caused the injuries. If you believe that the railroad was built in 1866, or before the crossing was constructed

under the provisions of defendant's charter, which are, "when necessary, to construct such road (R. R.) across or along any public road, * * * the said company shall not obstruct any public road without constructing another equally as good and as convenient as may be." There is no evidence of the condition of the public road before the railroad was built, and you cannot, therefore, say that the defendant has not in that particular complied with the requirements of its charter, and that permitting it to remain so is negligence in defendant. You will then inquire whether plaintiff received either, or any, or all of the injuries alleged in his complaint. If so, whether defendant owned the railroad and had leased it to the Richmond & Danville R. R. Co. If defendant owned the railroad and had leased it to the Richmond & Danville Railroad Company, defendant would be liable for any damages caused by the lessees negligently operating it.

Plaintiff alleges as negligence in operating the railroad the failure to comply with the statutory requirements to blow the whistle or ring a bell of 30 lbs. weight continuously for 500 yards before the train reached the crossing, and that said negligence contributed to the alleged injuries. If this requirement was not complied with, and the failure to comply contributed to the injuries, then the defendant would be *prima facie* liable. But if plaintiff contributed to the result by an act grossly or wilfully negligent or unlawful, then he cannot recover. Plaintiff must prove by a preponderance of the testimony that the defendant or its lessee was negligent, and that such negligence contributed to the injuries complained of; and if a *prima facie* case has been made out by plaintiff, then defendant must prove by a preponderance of the testimony that plaintiff contributed to the injuries by an act grossly or wilfully negligent or unlawful.

Negligence is the doing or failing to do what a prudent man would not or would do under the circumstances of the situation. The failure to comply with the requirements of the statute is evidence of negligence. Gross negligence is great carelessness, ordinary negligence intensified. Wilful negligence is a wrong done intentionally or from a wanton disregard of the rights of others. Wilfully means designedly as opposed to indifferently. It is not unlawful to drive with ordinary care along a public road

across a railroad track. The preponderance of the testimony is that which you really believe to be true in preference to that on the other side. If the testimony be equally balanced on each side, then he whose duty it is to prove the fact must lose.

If the plaintiff is entitled to recover, you will inquire whether he lost a horse and buggy, and if so, how much they are worth; whether he suffered bodily injury, if so, to what extent and what would be a fair compensation therefor; whether he made any proper expenditures in endeavoring to restore his health, if so, how much. If you fix any sums, add them together; and if you further find that the injuries were caused by the maliciousness, oppressiveness, or recklessness of the servants of defendant or its lessees, then you may also add such sum, by way of exemplary damages, as you may think proper, to teach defendant to behave better in future, not only for the protection of the plaintiff, but of the public also. You may find, as I have just stated to you, all these sums, if they do not amount to more than the sum of $5,000; if they amount to more than the sum of $5,000, then you could not find any more than $5,000, because that is the amount demanded in the complaint. You are to estimate the damages, if any, from the testimony. It is not, however, necessary that any witness should have testified as to the extent in dollars and cents of the injuries. It is sufficient if testimony has been given of facts from which, as men of common sense, you can estimate that for yourselves. To sum up in a word, did the injury occur to plaintiff and by default of the defendant or its lessee's employees, and also without great fault on the part of the plaintiff?

Plaintiff requests me to charge you: 1. "By the statute law of this State, the railroad company is required to have a bell of at least 30 lbs. weight, and a steam whistle placed on each locomotive engine, and such bell shall be rung or such whistle sounded by the engineer or fireman at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street or travelled place, and be kept ringing or whistling until the engine has crossed such highway or street or travelled place." I charge you that is law.

2. "If the testimony satisfies the jury that the requirements of the act were not complied with, or imperfectly complied with,

and such failure contributed to the casualty, then from such failure the jury can find that the defendants were negligent." I so charge you.

3. "If the testimony satisfies the jury that the plaintiff was injured in his person by collision with the engine or cars of the defendants at the crossing in question, and it appears that the corporation neglected to give the signals as required by section 1483, and that such neglect contributed to the injury, the defendant corporation is liable for the damages caused by the collision, unless it is shown that in addition to a mere want of ordinary care, the person injured was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury." I charge you that is law.

4. "If the jury find from the testimony that the defendants are liable to the plaintiff any damages for the injuries occasioned by the collision at their crossing, the plaintiff is entitled to receive at the hands of the jury compensation for the pain and bodily suffering which he has undergone, for the expense which he has been put to, for medical and other necessary attendance, and for such pecuniary loss as the jury, having regard to his ability and means of earning money by his profession or occupation at the time, may think him reasonably entitled to, together with damages for the value of the property of plaintiff's destroyed or injured by the collision." I so charge you, gentlemen; but you will remember that there was no testimony that he had paid anything to his physician. The testimony that he gave was as to certain other methods of attempting to get cured, and it is for you to say whether those were proper expenditures, as well as to say what the amounts of them were.

I was orally requested by the plaintiff to charge you that for any reckless conduct of the persons managing the train, the defendant would be liable for punitive damages, damages sometimes called exemplary, for damages which are given on account of misconduct to teach the person who does a wrong wilfully, or maliciously, or with very gross negligence not to repeat his conduct; and I charge you, gentlemen, in accordance with the request, just as I charged you in the main charge in this case,

that if the management of that train was malicious, or if the injury was wilfully caused, or if there was great recklessness in its management, that the plaintiff would be entitled to recover punitive damages, if he is entitled to recover at all. Upon that subject I beg to call your attention to the fact that there is not any evidence of any maliciousness, or any wilfulness on the part of the persons in charge of the train; so far as I can see from the testimony, there is nothing tending to show maliciousness, or wilfulness, and it is for you to say whether there was, from the evidence, great recklessness or not.

I have two requests, then, from defendant to charge you, gentlemen. Defendants request me to charge, "That if the jury find from the evidence, that the injury to the plaintiff was the result of an accident without fault on the part of the railroad company, or its servants, then the railroad company is not liable." I so charge you, gentlemen; but you will remember that included within the term "servants"—"the servants or lessees of the company," so with that modification, that is good law.

I am requested to charge you, "That the damages mentioned in section 1539 are pecuniary, such as the person injured has sustained in money, and do not include exemplary damages, or such as are allowed for mental or physical pain and anguish." I refuse to charge you that, gentlemen. I have already charged you that you may find damages for pain and suffering, and that in certain event you may find exemplary damages. You will recall what I said on the subject.

Now, gentlemen, you will remember that you are to be governed by the testimony in this case, and if from that testimony you think the plaintiff is entitled to recover according to the law, as I have given it to you, then you would find, say, in writing your verdict: We find for the plaintiff so many dollars, writing it out in words, and not in figures, and sign your name, Mr. Foreman, and after it write the word "Foreman." If you should think either that the plaintiff has failed to make out his case, or that the defendant has shown that he was guilty of gross or wilful negligence which contributed to the injury, then you ought to say: We find for the defendant, and write your name and the word "Foreman" in the same way.

Verdict for plaintiff for $2,500. Defendant appealed on the following grounds:

1. For that his honor erred in admitting the testimony of the plaintiff in regard to expenses incurred in trip to the electric wells in Georgia, and in use of those wells, when it had not been shown that these expenditures were necessary to restore plaintiff's health, or that he was advised to make the same.

2. For that his honor erred in admitting the testimony of plaintiff in regard to trip to Glenn Springs, when there was no evidence that this trip was in the line of any medical treatment.

3. For that his honor erred in allowing plaintiff to state in his opinion the value of his services on his farm.

4. For that his honor erred in charging the jury: "If you find that the injuries were caused by the maliciousness, oppressiveness, or recklessness of the servants of defendant, or its lessees, then you may also add such sum by way of exemplary damages as you may think proper, to teach defendant to behave better in future, not only for the protection of plaintiff, but of the public also."

5. For that his honor erred in charging that the plaintiff, if he was entitled to any damages, was entitled to compensation for the pain and bodily suffering which he had undergone.

6. For that his honor erred in refusing to charge that the damages mentioned in section 1539 of the General Statutes are pecuniary, such as the person injured has sustained in money, and do not include exemplary damages, or such as are allowed for mental or physical pain and anguish.

7. For that his honor erred in charging that defendant, the lessor company, was liable in exemplary damages for the maliciousness, oppressiveness, or recklessness of the Richmond and Danville Railroad Company, the lessee company.

8. For that his honor erred in charging that the defendant was liable for any damages under section 1539 of the General Statutes, when he should have charged that the lessee company in the operation of said road was responsible therefor.

9. Because his honor in his whole charge confined the attention of the jury to whether the plaintiff had shown negligence on the part of the defendant, by not complying with the statute,

and gross negligence on the part of the plaintiff; and excluded the question of contributory negligence or want of ordinary care on the part of the plaintiff, in case the jury should find that the statute had been complied with.

*Mr. B. L. Abney,* for appellant.

*Messrs. Sheppard Bros.,* contra.

October 20, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was brought by the plaintiff, respondent, to recover damages for injuries alleged to have been sustained by him through the negligence of the Richmond & Danville R. R. Co., a lessee of defendant company. The negligence is alleged in the complaint to have consisted in failing to give the required signal by ringing a bell or sounding the steam whistle as the locomotive and cars approached the crossing of a public highway along which the plaintiff was travelling, by reason whereof the plaintiff was unaware of the approach of said cars, and also that defendant had "failed or omitted to remove the embankment standing along the line of said road so as to admit to persons travelling along said public highway from the town of Johnston southward a view of said locomotive and cars running towards said town of Johnston from the southern terminus of said railroad;" by reason of which it is alleged, that while the plaintiff was travelling in a buggy drawn by one horse, said horse was struck by defendant's locomotive and instantly killed, his buggy broken up, and himself severely injured, &c., &c., to his damages $5,000. Upon the trial of the case the jury rendered a verdict for $2,500. The appeal of defendant alleges error in the presiding judge in admitting certain testimony, in charging certain propositions, and in refusing to charge certain requests, specifications of which will be found in the exceptions in the "Case."

It seems that the respondent, shortly after his injury, took a trip to the electric wells in Georgia, and also to Glenn Springs in this State, and he was permitted by his honor, the trial judge, to testify, against defendant's objection, as to the expenses in-

28—33

curred on these trips, as part of the damages claimed. The two first exceptions of defendant allege error to the admission of this testimony, on the ground that there was no preliminary affirmative evidence introduced showing that these trips were a part of any ordinary or usual course of treatment for such injuries as plaintiff had received, and that the expenses incurred therein were reasonable and necessary.

Where an alleged wrong is shown to have been the cause of the injury complained of, it is also to be deemed the cause of all of its concomitants and incidental details which are constituent parts of the injury, including necessary and judicious expenditures made to stay or efface the wrong or to limit the injury. 1 Suth. Dam., 96. Where a horse was injured and was sent to a farrier for treatment, it was held that the plaintiff was entitled to recover for the keep of the horse, as well as for the charges of the farrier. 1 Suth. Dam., pages 100, 158. Expenses for surgical and medical aid and nursing, when necessary and reasonably incurred, are part of the injury, and may be recovered under proper pleadings. 3 Suth. Dam., 720. There can be no doubt that if the expenses incurred by the plaintiff here in the matter involved in these exceptions were necessary, reasonable, and judicious expenditures, they would be a proper ingredient in the damages of the plaintiff, provided, of course, that the injury intended thereby to be stayed and effaced had been caused by the negligent act of the defendant, as alleged. Now, whether such expenditures were reasonable and necessary and judicious was a question of fact. His honor did not undertake to decide this question of fact, but he simply admitted the testimony offered as competent, as bearing upon the amount of said expenditures, leaving the question as to their necessity and reasonableness open to the jury, subject to such further testimony as might be introduced *pro* and *con*.

The third exception complains that the respondent was allowed to state his opinion of the value of his services on his farm, and the argument of counsel is that this was error, because the witness did not state the facts upon which his opinion was based. On examining the folio in the "Case" referred to by counsel, it will be seen that the witness did state the facts upon which he

gave his opinion.  He said that an ordinary hand was worth 75 cents per day, and that he was worth more than that, because he controlled the place and others worked under him, and also that his services were valuable right then "in the midst of the crop." Besides, the witness gave no opinion as to the value of his services in money; he simply stated that they were worth a "good deal."

4th. His honor charged the jury that if they found that the injuries were caused by the maliciousness, oppressiveness, or recklessness of the servants of defendant or its lessees, "then you may also add such sum by way of exemplary damages as you may think proper, to teach defendant to behave better in future, not only for the protection of plaintiff, but of the public also;" and this portion of the charge is the basis of the 4th exception and also of the 7th.  They raise the question whether an employer is responsible for the malicious, oppressive, and reckless conduct of an employee injurious to another in exemplary and punitive damages.  There is no doubt but that the employer would be responsible in such cases for the actual damages incurred, if the injury resulted from an act within the scope of the employee's duties, but whether to these damages could be added others which are known as exemplary and vindictive is another question.

While his honor below ruled that the defendant lessor could be held responsible in punitive damages for any malicious, oppressive, or reckless act of the lessee, resulting in injury to the plaintiff, yet he stated to the jury that there was no evidence in the case showing either malicious or oppressive conduct, and therefore that these questions were not involved in the case, or before them.  The question of error, then, as to so much of the charge may be passed over, yet his honor left the question of recklessness to the jury, charging that if there was recklessness on the part of the lessee, &c., the defendant might be made to respond in exemplary damages.  And now the precise question before us presented in these two exceptions is whether this last portion of the charge was error.  Upon this question there seems to be some difference of opinion in the courts of the different States, but the weight of authority elsewhere, we think, sustains the Circuit Judge here, contrary to the old doctrine that the

master was not liable for a wilful or malicious trespass of his
servant, unless the act was done by the command or approval of
the master. See 3 Suth. Dam., 270, *et seq.* In our State, the three
cases of *National Bank* v. *Railway Co.*, 25 S. C., 222; *Harmon* v. *Railroad Co.*, 28 *Id.*, 405; and *Quinn* v. *Railway Co.*,
29 *Id.*, 386, settled the law with us in conformity with the charge
of his honor. See also *Palmer* v. *Railroad Company*, 3 S. C.,
583.

We do not see that the charge of his honor was amenable to
exception 9, when read and construed as a whole, nor does it
fully appear that his honor was requested to draw the distinction
pointed out in said exception.

Exception 7 is overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.