## 18113

Nell F. COKER, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent

(133 S. E. (2d) 122)

*Messrs. Rogers & Riggs,* of Manning, *for Appellant,*

*Messrs. Richardson & James,* of Sumter, *for Respondent,*

October 30, 1963.

Moss, Justice.

Nell F. Coker, the appellant herein, brought this action against Nationwide Mutual Insurance Company, the respondent herein, under what is now Section 21-840 of the 1962 Code, for the recovery of actual damages for personal injuries sustained as a result of the "negligent, careless, reckless, willful and wanton" operation of a school bus.

The aforementioned statute requires insurance on all State-owned school buses and provides for two forms of coverage: (1) school children, without regard to fault or negligence, while doing certain acts in connection with school attendance; and (2) where a member of the general public or persons, not making use of the facilities for the purpose of attending school, are injured by the negligent operation of the school bus. *Weston v. Nationwide Mutual Ins. Co.,* 237 S. C. 464, 118 S. E. (2d) 67.

It appears from the complaint that the appellant is a member of the general public and she alleges that her personal

injuries were caused by a collision between the automobile operated by her and a school bus. Section 21-840(1) (b), which is applicable to the appellant, provides benefits "for any person, other than a person riding on a school bus, * * * who suffers personal injuries, * * * because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars for any one person * * *" and section (3) of the aforesaid statute sets forth that "the benefits provided for in paragraph (b) * * * of subsection (1) shall be limited to actual damages." It thus appears that if the appellant is entitled to recovery in this action it must be based on and pursuant to Section 21-840(1) (b) and (3).

The respondent moved to strike from the complaint all allegations therein of recklessness, willfulness and wantonness on the ground that under the aforesaid section of the Code the appellant could only recover actual damages for personal injuries because of the negligent operation of a school bus, there being no provision made in said statute for a recovery based on reckless, willful and wanton operation of said school bus. The motion was heard before the Honorable James Hugh McFaddin, Resident Judge of the Third Judicial Circuit, who, by order dated March 8, 1963, ordered that all references to and allegations of recklessness, willfulness and wantonness be stricken from the complaint. The appellant charges error in the ruling of the lower Court in striking the allegations of the complaint contained therein characterizing the acts of the driver of the school bus as reckless, willful and wanton.

It is provided in Section 10-606 of the Code, and under Rule 20 of the Circuit Court, that if irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby. We have held that an allegation is irrelevant when it has no substantial relation to the controversy. An allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action. *Hollifield v. Keller,* 238 S. C. 584, 121 S. E. (2d) 213.

The respondent asserts that the issue presented by this appeal is controlled by our holding in the *Hollifield case*. In such case an action was brought by a motorist seeking recovery against a shop owner, shop lessee and a municipality for injuries motorist sustained when her automobile skidded on sheet of ice, on theory that owner and lessee negligently caused water to accumulate and city negligently permitted water to collect and remain upon the street. The action, insofar as the municipality was concerned, was under Section 47-70 of the Code. Under this section a plaintiff suing a municipality must not only show actionable negligence on the part of the municipality in its maintenance of the public streets but, in order to recover, must also show that he has not in any way brought about any such injury or damage by his negligent act or negligently contributed thereto. *Young v. Camden,* 187 S. C. 414, 198 S. E. 45. It is thus apparent that Section 47-70 of the Code, in effect, changed the rule in the trial of negligence actions, where a municipality is being sued, by making contributory negligence on the part of the plaintiff a bar to recovery and by placing the burden on the plaintiff of alleging and proving the absence of contributory negligence.

An action in tort against a municipality can be maintained only by reason of Section 47-70 of the Code and an individual who undertakes to maintain an action for damages alleged to have been suffered at the hands of a municipality, must bring himself strictly within the purview of the statute, because such a statute permitting a suit against a municipality is in derogation of sovereignty. In such case, as is heretofore stated, Section 47-70 of the Code casts upon a plaintiff the burden of proving actionable negligence on the part of the municipality and of alleging and proving his freedom from contributory negligence. He cannot recover punitive damages. Because of this, we held in the *Hollified case* that allegations alleging recklessness, willfulness and wantonness should have been stricken out as being irrelevant.

Section 21-840, with which we are here concerned, limits the appellant's recovery to actual damages because of "the negligent operation of any such school bus." There is no provision in the section requiring allegation and proof of the absence of contributory negligence on the part of a plaintiff.

Since Section 21-840 of the Code only authorizes the recovery of actual damages because of the negligent operation of a school bus, we think that the allegations of the complaint that the school bus was operated in a reckless, willful and wanton manner are irrelevant to and have no connection with nor effect upon the action authorized by the aforesaid statute. Considering only the complaint and the motion to strike, we find no error in the granting of said motion.

We have held that all allegations not appropriate to a cause of action relied on are superfluous and should, on motion, be stricken. *Mikell v. McCreery-Pressly Co.,* 105 S. C. 25, 89 S. E. 467.

The appellant asserts that the allegation that the school bus was operated in a reckless, willful and wanton manner should be allowed to remain in the complaint in anticipation of a claim by the respondent that the appellant was guilty of contributory negligence, which contributed to her injury as a proximate cause thereof, and without which the injury would not have occurred.

Contributory negligence is an affirmative defense and the defendant who pleads it has the burden of establishing it by a preponderance of the evidence. *Butler v. Temples,* 227 S. C. 496, 88 S. E. (2d) 586. It is a general principle that a pleading need and should not, by its averments, anticipate a defense thereto, and negative or avoid it. *A. M. Law & Co. v. Cleveland,* 172 S. C. 200, 173 S. E. 638, and *Stephens v. Hendricks,* 226 S. C. 79, 83 S. E. (2d) 634.

Contributory negligence is not a defense when the injury complained of is shown to have been the result of recklessness, willfulness and wantonness. *Field v.*

*Gregory, et al.,* 230 S. C. 39, 94 S. E. (2d) 15, and *Jeffers v. Hardeman,* 231 S. C. 578, 99 S. E. (2d) 402.

Should the respondent, by answer, set up as a defense the contributory negligence of the appellant, such would constitute new matter in the answer, not relating to a counterclaim and would be deemed controverted by the appellant as upon a direct denial. Section 10-608 of the Code.

In the event of a plea of contributory negligence on the part of the respondent, it may introduce evidence of any facts which tend to establish this defense, and the appellant may avail herself of any facts which tend to disprove such negligence as she is charged with, even though not alleged in her complaint. *Barnett v. Charleston & W. C. Ry. Co.,* 230 S. C. 525, 96 S. E. (2d) 555, and *Scott v. Southern Ry. Co.,* 231 S. C. 28, 97 S. E. (2d) 73. In the event of a plea of contributory negligence on the part of the respondent, as it would have a right to assert, the appellant would have a right to show that the respondent was guilty of reckless, willful and wanton conduct so as to overcome the plea of contributory negligence. There is nothing in Section 21-840 of the Code that requires a contrary holding.

The exception of the appellant is overruled and the judgment of the Circuit Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.