18171

Lee A. SOSSAMON, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, Frank W. Sossamon, Jr., Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

(135 S. E. (2d) 87)

554

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant,*

*Jonathan Z. McKown, Esq.,* of Gaffney, *for Respondent,*

February 17, 1964.

Moss, Justice:

There are two separate appeals involved in this case. Nationwide Mutual Insurance Company is the appellant in each case. The respondents are Lee A. Sossamon and Frank W. Sossamon, Jr., husband and wife. Since the questions involved are interrelated with respect to two separate actions, the appeals have been consolidated.

The complaint in the wife's case alleges that she was the owner of a certain station wagon and that while operating same along a street in the City of Gaffney, a school bus of one of the school districts of Cherokee County, collided with the rear of her said station wagon. She further alleges that as a result of said collision she received personal injuries and that her station wagon was almost totally demolished. In her complaint she demands the sum of Seven Thousand & 00/100 ($7,000.00) Dollars as actual damages for her personal injuries and property damage, asserting that such were proximately caused by the negligence, gross negligence and recklessness of the driver of said school bus. The respondent alleges that the appellant was the statutory insurer of school busses under Section 21-840 of the 1962 Code, and is liable for the personal injuries and property damage sustained by her in said collision. ·

Section 21-840 of the Code requires insurance on all state-owned school busses and provides for two forms of coverage: (1) school children, without regard to fault or negligence, while doing certain acts in connection with school attendance; and (2) where a member of the general public or persons, not making use of the facilities for the purpose of attending school, are injured by the negligent operation of the school bus. *Weston v. Nationwide Mutual Ins. Co.,* 237 S. C. 464, 118 S. E. (2d) 67.

It appears from the complaint, to which reference has heretofore been made, that Lee A. Sossamon is a member of the general public and she alleges that her personal injuries and property damage were caused by a collision between her station wagon and a school bus. Section 21-840(1) (b), which is applicable to the appellant, provides benefits "for any person, other than a person riding on a school bus, * * * who suffers personal injuries * * * because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars for any one person * * *"; and section (c) provides for property damage because of the negligent operation of such school bus

an amount not exceeding five thousand dollars; and section (3) limits the recovery provided for in paragraphs (b) and (c) of subsection (1) to actual damages. It thus appears that if respondent is entitled to a recovery in this action it must be based on and pursuant to the aforesaid sections of the Code.

The appellant moved to strike from the complaint all allegations therein of "gross negligence and recklessness." It further moved to strike the words "Seven Thousand ($7,000.00) Dollars" from the complaint upon the ground that such allegations are irrelevant and improper and not in conformity with the aforesaid statute, under which the appellant issued its policy of insurance. The appellant also moved to require the complaint to be made more definite and certain by alleging (a) the damages she claims to be for personal injuries; (b) the amount of her property damage; and (c) to allege whether she has paid or incurred any medical expense, and if so, the amount thereof. All of the aforesaid motions were denied by the Trial Judge and error in so holding is asserted.

In the case of *Coker v. Nationwide Mut. Ins. Co.*, S. C., 133 S. E. (2d) 122, we held that allegations in a complaint that a school bus had been operated in a reckless, willful and wanton manner were irrelevant in an action under statute authorizing recovery of only actual damages due to negligent operation of a school bus. Considering only the complaint and the motion to strike, we find that the Trial Judge was in error in refusing to grant the motion of the appellant to strike from the complaint all allegations therein of "gross negligence and recklessness." In the event, however, of a plea of contributory negligence on the part of the appellant, the respondent would have a right to show that the appellant was guilty of reckless, willful and wanton conduct so as to overcome the plea of contributory negligence.

It is provided in Section 10-606 of the Code that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge

or defense is not apparent, the Court may require the pleading to be made more definite and certain by amendment. This section implies discretion which will not be disturbed on appeal unless it is shown that the pleading does not apprise the adversary of the charge which he will have to answer. In other words, the appellant must show prejudice to his position in order to entitle him to reversal. *Ridgeland Box Mfg. Co. v. Sinclair Refining Co.,* 216 S. C. 20, 56 S. E. (2d) 585. Where the elements of general damages that the plaintiff claims to have suffered are definitely enumerated in the complaint, it is not necessary that the amount claimed for each of such elements be stated. *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598. A complaint may lack fullness of detail and yet not be subject to a motion to make more definite and certain. *Oxman v. Profitt,* 241 S. C. 28, 126 S. E. (2d) 852. The Trial Judge has construed the complaint in this action as demanding actual damages in the amount of $5,000.00 for personal injuries and $2,000.00 for property damage. We think this a proper construction of the damages demanded in the complaint in view of the limitation placed on recoverable damages under Section 21-840 of the Code. Certainly the Judge who tries this case can properly instruct the jury as to the damages recoverable under the allegations of the complaint and can limit such in accordance with the statute under which this action was brought. We think that in view of the allegations of the complaint, and the construction placed thereon by the lower Court, there was no prejudicial error in refusing the motion of the appellant to make the complaint more definite and certain by alleging the amount of damages claimed for personal injuries and the amount for property damage.

The next question for determination is whether the Trial Judge erred in refusing to require the respondent to allege whether she has paid or incurred any medical expense and if so, the amount thereof.

The general rule is that in personal injury actions the plaintiff may recover for the necessary and reasonable expense caused by the injury such as amounts necessarily paid for medicine, medical attendance, hospital expense and care and nursing. *Brasington v. South Bound Ry. Co.,* 62 S. C. 325, 40 S. E. 665; *Hart v. Railroad Co.,* 33 S. C. 427, 12 S. E. 9, 10 L. R. A. 794. Ordinarily, a husband is bound to furnish the necessities of life to his wife, and among such necessities are necessary medical service and hospitalization. The husband's right to recover from a tort-feasor for such items of expense is based on his obligation to furnish them. However, where a wife sues for personal injuries and has incurred and paid for medical and hospital expense, for which the husband is not liable, she can recover therefor and such expenses are proper elements of her damage. *Southeastern Air Service v. Crowell,* 88 Ga. App. 820, 78 S. E. (2d) 103; *United Dentists v. Bryan,* 158 Va. 880, 164 S. E. 554. Medical expense of wife paid by husband may not be recovered by her. *Vernon v. Atlantic Coast Line Ry. Co.,* 218 S. C. 402, 63 S. E. (2d) 53.

We have held that a general allegation of damages will let in evidence and warrant a recovery of all such damages as naturally, logically and necessarily result from an unlawful act. Special damages, which do not necessarily result, must be alleged. The object of the requirement that a plaintiff should set forth any special damage is to avoid surprise to the other party. *Crozier v. Charleston & W. C. Ry. Co.,* 222 S. C. 121, 71 S. E. (2d) 800. Applying the foregoing rule to the wife's action, the allegation of her injuries and damage is sufficient to warrant a recovery for necessary medical expenses, if such were, in fact, paid for or incurred by her and for which the husband is not liable. We think there was no error on the part of the Trial Judge in refusing to require the wife to make her complaint more definite and certain by alleging whether she has paid or incurred any doctor or hospital bills and if so, the amount thereof.

The husband's action is for damages for medical expenses incurred for his wife's care and treatment because of the personal injuries suffered by her and for loss of her services and consortium. He alleges that his wife's injuries were proximately caused by the negligence, gross negligence and recklessness of a school bus driver in the operation of a school bus which collided with the rear of a station wagon being operated by his wife. The complaint alleges that the appellant was a statutory insurer of school busses under Section 21-840 of the 1962 Code, and is liable to him for the loss of consortium of his wife and the medical expenses incurred by him in the care and treatment of his said wife.

The appellant demurred to the complaint of the husband on the ground that the husband has no right of action, under Section 21-840 of the Code, for loss of consortium and for the medical expenses incurred by him in the care and treatment of his said wife. The Trial Judge overruled the demurrer and the appellant asserts error.

The husband's loss of consortium, of which he is deprived by a negligent injury to his wife, is a right which entitles him to damages for such loss. He is also entitled to recover any medical expenses which he has incurred for her care and treatment, as a result of personal injuries caused and occasioned by the negligence of a third party. *Cook v. Atlantic Coast Line Ry. Co.,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144; *Vernon v. Atlantic Coast Line Ry. Co.,* 218 S. C. 402, 63 S. E. (2d) 53; and *Brown v. Finger,* 240 S. C. 102, 124 S. E. (2d) 781.

We recur again to Section 21-840(1) (b) of the Code which provides benefits "for any person, other than a person riding on a school bus * * * who suffers personal injuries * * * because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars for any one person nor more than twenty-five thousand dollars for any one accident, * * *." It is the position of the appellant that the aforesaid section of the statute was

designed to permit an action against the statutory insurer of school busses for those persons suffering bodily injury through the negligent operation of a school bus and under the limited maximum recoverable amount because of such injuries to any one person of five thousand dollars.

Is a husband's loss of consortium a "personal injury" within the meaning of Section 21-840(1) (b) of the Code? If the loss of consortium is a personal injury to the husband, then the appellant is liable therefor under the aforesaid statute.

In 45 C. J. S. Insurance § 827, at page 880, it is said:

" * * * The term 'personal injury' is broader and more comprehensive than the term 'bodily injury' and is synonymous with 'injury to person.' So, where a policy insures against loss from liability imposed by law on account of personal injuries or death, the policy covers liability for bodily injuries, loss of wages, hospital expenses, and loss of wife's services and consortium."

It has been held in numerous cases that a husband's loss of consortium is a "personal injury" within a liability policy insuring against loss from liability imposed because of personal injuries. *Nuzzi v. United States Casualty Co.,* 121 N. J. L. 249, 1 A. (2d) 890; *Goodier v. National Surety Co.,* 125 Misc. 65, 210 N. Y. S. 88; *Gaoutte v. Aetna Life Insurance Co.,* 253 App. Div. 388, 2 N. Y. S. (2d) 497; *Malone v. Costa,* 151 Fla. 144, 9 So. (2d) 275; and *Psota v. Long Island R. Co.,* 246 N. Y. 388, 159 N. E. 180, 62 A. L. R. 1163.

In the *Malone case,* above cited, the Court had before it for construction the terms of a liability insurance policy required by law to be maintained by taxicab companies operating cabs for hire in the City of Pensacola. By the terms of the policy, the insuring company agreed to indemnify "passengers and the public for damages or injuries to persons or property." The Florida Supreme Court, in affirming a judgment in favor of the husband for loss of

consortium, pointed out in its opinion that there is a distinction between "bodily injury" and "personal injury," and said: "Personal injuries do not necessarily mean or involve the element of personal contact. * * * The consequential damages sustained by the husband because of the injuries to the wife in the case at bar are personal injuries."

Since Section 21-840 of the Code requires insurance coverage on all State-owned school busses and provides against liability for damages for "personal injury," an action for loss of consortium and for medical expenses incurred in the care and treatment of the wife, falls within the category of "personal injuries," and makes the appellant liable to the husband for such damages as he has sustained, not exceeding the limitation of the statute which fixes such amount at Five Thousand Dollars. The husband, however, may not recover for expenses which he has not paid or for which he has not incurred liability.

The husband's complaint contains allegations with reference to the damage to the station wagon which was admittedly owned by his wife. The Trial Judge refused to strike such allegations. These allegations have no substantial relation to the controversy existing between the husband and the appellant. They should have been stricken. Likewise, the Trial Judge was in error in refusing to strike from the husband's complaint the allegations therein of "gross negligence and recklessness" in the operation of the school bus. What we have heretofore said, with reference to the wife's complaint, is here applicable.

The appellant asserts that the Trial Judge was in error in refusing to strike from the husband's complaint the allegations as to his wife's injuries. The allegations in the husband's complaint as to his wife's injuries have a substantial relation to the controversy between the husband and the appellant. It is necessary for the husband, in order to recover for loss of consortium and for the medical expenses which he incurred in the care and treatment of his wife, to show that his wife received personal

injuries as a result of the actionable negligence of the school bus driver in the operation of the school bus. There was no error on the part of the Trial Judge in refusing to strike these allegations of the husband's complaint as to his wife's injuries.

The final question for determination is whether the Trial Judge was in error in refusing to hold that if both respondents were entitled to maintain their actions against the appellant, on account of the matters set forth in their separate actions, the total right of recovery in both actions is the sum of Five Thousand Dollars actual damages, exclusive of property damage. It is the position of the appellant that the respondents, in their two separate actions, should restrict the amount sought to a total of Five Thousand Dollars for their injuries, exclusive of property damage. Recurring again to Section 21-840(1) (b) of the Code, it is provided for an amount not exceeding Five Thousand Dollars for "any one person" who suffers personal injuries because of the negligent operation of any school bus. This statute then provides a maximum of Twenty-five Thousand Dollars for "any one accident." By the language of the statute, it is logical to conclude that the Legislature contemplated that injury or damage might occur, as the result of the negligent operation of a school bus, to more than one person in one accident. The complaints before us admit that there was only one accident. As the result of the one accident, the wife received personal injuries and, as we have heretofore held, the husband's loss of consortium was a personal injury within the meaning of the aforesaid statute.

A number of cases support the general position that where one proximate, uninterrupted and continuing cause results in injuries to more than one person or damage to more than one item of property there is a single accident or occurrence within the meaning of a liability insurance policy limiting the insurer's liability to a certain amount for each accident or each occurrence. See the authorities

collected in 55 A. L. R. (2d) page 1307, under section 8 of the annotation.

Since each respondent in this action has suffered a personal injury because of the negligent operation of a school bus, each is entitled to recover an amount not exceeding Five Thousand Dollars for such injury.

In *Malone v. Costa,* 151 Fla. 144, 9 So. (2d) 275, where an automobile liability policy furnished by a taxicab company in compliance with an ordinance limited liability for "personal injury" to one person in a single accident to $1,000.00 and for "personal injury" to more than one person in a single accident to $2,000.00, and a wife recovered a judgment against the insured for $500.00 for a personal injury caused by the negligent operation of the insured's taxicab, and her husband recovered a judgment for $1,-000.00 for loss of consortium, etc., it was held that the insurer was liable for $1,500.00, which was less than the maximum coverage of the policy, since "personal injuries" were sustained by more than one person on account of the accident. The court here distinguished cases where the term "bodily injuries" were used in the policy and stated that the term "personal injuries" was broader and more comprehensive and significant than the term "bodily injuries," and that the consequential damages sustained by the husband in the case at bar because of the injuries to his wife were "personal injuries" within the meaning of the policy.

An opposite conclusion was reached in the case of *New Amsterdam Casualty Co. v. Hart,* 153 Fla. 840, 16 So. (2d) 118, 150 A. L. R. 1150, because the insurance contract agreed to indemnify for "bodily injuries," not personal injuries. The position of the appellant here would be meritorious if our statute had used the words "bodily injury" rather than the words "personal injuries."

We conclude that the judgment of the lower Court, as modified herein, should be affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.