688 S.E.2d 593

**Carl JOHNSON, Appellant,**

v.

**Timothy Chad HUNTER, Respondent.**

**No. 4644.**

Court of Appeals of South Carolina.

Heard Nov. 17, 2009.

Decided Jan. 11, 2010.

Ian Maguire, of Myrtle Beach, for Appellant.

G. Michael Smith, of Conway, for Respondent.

KONDUROS, J.

Carl Johnson appeals the trial court's finding he was involved in a single accident instead of two accidents for purposes of the underinsured motorist (UIM) coverage limits in his insurance policy. We affirm.

## PROCEDURAL BACKGROUND/FACTS

Johnson was driving to work on U.S. Highway 701 in Horry County around 5:30 a.m. Timothy Hunter was traveling behind Johnson. A third party, Jose Dominguez, was traveling the opposite direction on Highway 701 when his vehicle crossed the center line into the path of Johnson's pick-up truck. Johnson swerved to the right to avoid Dominguez. However, Dominguez's truck still hit him, turning Johnson's truck sideways in the road. His airbags deployed and he unbuckled his seatbelt to exit the vehicle. Before he could exit, Hunter's vehicle hit Johnson a second time knocking him into the floorboard of his truck and causing him serious injury.

Johnson sued Hunter for negligence seeking to recover under his own underinsured motorist coverage with State Farm Mutual Automobile Insurance Company. The trial court found the events constituted one accident, limiting Johnson's recovery to the maximum allowed for "each accident" under the State Farm policy. This appeal followed.

## STANDARD OF REVIEW

In an action at law tried without a jury, the appellate court will not disturb the trial court's factual findings unless they are not reasonably supported by the record. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). An action to determine whether coverage

exists under an insurance policy is an action at law. *Auto–Owners Ins. Co. v. Hamin,* 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct.App.2006).

## LAW/ANALYSIS

Johnson argues the circuit court erred in finding a single accident occurred thereby limiting recovery under his UIM coverage. We disagree.

■ Johnson's UIM coverage sets limits for "each accident." Therefore, the parties are concerned with what constitutes a single accident in the context of the policy. South Carolina does not appear to have addressed this precise issue but other jurisdictions have. Most courts have concluded the question whether one or more accidents occurred should be evaluated under the causation theory. The trial court employed the causation theory analysis and neither party appeals that ruling. Therefore, it is the law of the case.[1] *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (stating an unappealed ruling is the law of the case and should not be reconsidered by the appellate court).

■ "Under the cause approach, the insured's single act of negligence is considered the occurrence from which all claims flow." *Am. Cas. Co. v. Heary,* 432 F.Supp. 995, 997 (E.D.Va. 1977) (finding a single occurrence when insured crashed into a sign and barrier causing telephone pole and wires to fall damaging two other vehicles over a period of approximately one minute and fifteen seconds). "Courts applying the 'cause' theory uniformly find a single accident 'if cause and result are so simultaneous or so closely linked in time and space as to be considered by the average person as one event.'" *Ill. Nat'l Ins. Co. v. Szczepkowicz,* 185 Ill.App.3d 1091, 134 Ill.Dec. 90, 542 N.E.2d 90, 92 (1989) (citations omitted) (finding two accidents occurred when an automobile struck a tractor trail-

---

1. Because the parties do not dispute analysis under the causation theory is appropriate, we are not called upon to determine whether South Carolina would adopt that analysis in similar cases. However, a review of relevant case law is necessary to understand the causation theory and whether the trial court properly applied it to the facts of this case.

er, blocking both lanes, and a second automobile did not strike the tractor trailer until five minutes had elapsed and one lane had reopened).

When one negligent act or omission is the sole proximate cause, there is but one accident, even though there are several resultant injuries or losses. *Hyer v. Inter–Ins. Exch. of Auto. Club,* 77 Cal.App. 343, 246 P. 1055, 1057 (1926) (finding a single accident when a negligent driver struck the insured's car breaking off the steering wheel and the insured then collided with a second vehicle). Taken in its usual sense, the word "accident" means a single, sudden, unintentional occurrence and is used to describe the event, no matter how many persons or things are involved. *St. Paul–Mercury Indem. Co. v. Rutland,* 225 F.2d 689, 691 (5th Cir.1955) (finding one accident when the insured's truck negligently collided with a freight train, derailing the train and causing damage to sixteen cars and owners). An accident or occurrence in this context should be viewed from the perspective of cause and not effect. *Olsen v. Moore,* 56 Wis.2d 340, 202 N.W.2d 236, 241 (1972) (finding one accident when the insured's vehicle struck two vehicles almost simultaneously, and there was virtually no time or space interval between the two impacts, and the insured never regained control over the vehicle prior to striking the second automobile).

We could find no South Carolina cases directly on point. However, in *Sossamon v. Nationwide Mutual Insurance Co.,* 243 S.C. 552, 135 S.E.2d 87 (1964), the court, in dicta, recognized the majority view regarding whether a single accident has occurred for purposes of insurance coverage.

> A number of cases support the general position that where one proximate, uninterrupted and continuing cause results in injuries to more than one person or damage to more than one item of property there is a single accident or occurrence within the meaning of a liability insurance policy limiting the insurer's liability to a certain amount for each accident or each occurrence.

*Id.* at 563, 135 S.E.2d at 93.[2]

Having considered the rationale behind the causation theory

---

2. In *Sossamon,* the court was not required to determine whether a single accident occurred. In that case, the parties were arguing over

and its application in other cases,[3] we now turn to its application in this case. Johnson contends two distinct accidents occurred in this case because the time between the first and second impacts was "at least one and one-half to two minutes." This is premised upon his conclusion it would have taken at least that long for his airbags to have deployed and for him to remove his seatbelt. He maintains the trial court erred in finding one accident without even making a determination about exactly how much time passed between the two collisions.

Johnson places too much emphasis on the timing of the impacts. Most cases discussing the causation theory do not rely solely on the timing of events in determining whether or not one or two accidents occurred. While timing is frequently a part of the analysis, the courts place the most emphasis on whether or not one source of negligence set all the subsequent events in motion. *Szczepkowicz*, 134 Ill.Dec. 90, 542 N.E.2d at 90, heavily relied upon by Johnson, involved collisions occurring five minutes apart. The court recognized timing is only one factor to be considered.

National argues that the time span between collisions is not a factor this court can consider. This contention is without merit. Certainly one occurrence can result in injuries suffered over a period of time; in such a case, time would be irrelevant to a determination of the number of occurrences. The relevance of time between injuries is relevant, however, under other factual scenarios. In the instant case, the issue involves the reasonableness of a driver's actions and his

the limitation of $5,000 *per personal injury* when wife was injured in a school bus accident and she and husband made claims for personal and property injury and loss of consortium respectively.

3. Most cases from other jurisdictions discuss accident in the context of a liability policy. However, the rationale behind the causation theory still seems applicable when considering UIM coverage. One case espousing the causation theory maintains the very existence of limits means the parties to the insurance contract contemplated a cap on benefits for their own negligent actions. Under the effect theory, liability could be limitless depending on the number of parties injured. *See St. Paul–Mercury Indem. Co. v. Rutland*, 225 F.2d 689, 692 (5th Cir.1955). Likewise, the parties contemplate a limit to UIM coverage for the negligence of other underinsured motorists whose actions could result in injury to the UIM holder by multiple parties.

failure to take corrective measures after an accident; *the time span between collisions is one factor that must be taken into account.*

*Id.* at 93 n. 3 (citations omitted) (emphasis added).

The question of whether a single accident occurred under the causation theory will turn on the particular facts of each case. The court will be required to look at all the circumstances, including timing, in its analysis.

■ Turning to the record before us, evidence supports finding the collisions resulted from Dominguez's single act of negligence. Johnson testified approximately one and one-half to two minutes passed between impacts. However, he also testified he "couldn't pin it down to two whole minutes, but [he] kn[e]w it was time."

Hunter testified it felt like two or three seconds between the impacts "cause it just happened." He further testified he was traveling one and one-half to two car lengths behind Johnson just prior to the accident, and he applied his breaks and skidded approximately fifteen feet before hitting Johnson. Johnson and Hunter both testified the highway had steady traffic on it at the time of the crash giving rise to an inference another vehicle would have been between Johnson and Hunter if they were actually one and one-half to two minutes apart.

Furthermore, Hunter was able to testify about witnessing the initial impact between Dominguez and Johnson indicating he was close enough behind Johnson to see the accident as it happened, but did not have time to stop. Importantly, Johnson testified he did not believe Hunter could have done anything to avoid hitting him. This statement contradicts Johnson's assertion two accidents occurred and instead supports the finding that Hunter's hitting the truck did not constitute a second, distinct negligent act but was simply an additional foreseeable consequence of Dominguez's negligence.

## CONCLUSION

Under the causation theory,[4] evidence in the record supports finding a minimal amount of time passed between the

---

**4.** In *Hartford Accident & Indemnity Co. v. Wesolowski,* the court characterized its approach to this issue as the "event test," providing the test

impacts *and* the second impact was not due to Hunter's own independent negligence but was a foreseeable consequence of Dominguez's negligent conduct. Consequently, the ruling of the trial court is

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.

for determining whether there has been one accident within a liability policy is if there has been but a single event of an unfortunate character that took place without one's foresight or expectation. 33 N.Y.2d 169, 350 N.Y.S.2d 895, 305 N.E.2d 907, 910 (1973) (finding one occurrence when the insured vehicle struck an oncoming vehicle then ricocheted off and struck a second vehicle more than one hundred feet away a second or two later). Under either the causation test or the event test, the result in this case would be the same.